THE PEOPLE *ex rel.* CHARLES B. POLHEMUS *v.* O. C. PRATT, JUDGE OF THE DISTRICT COURT, TWELFTH JUDICIAL DISTRICT.

WHEN MANDAMUS DOES NOT LIE.—If the plaintiff in an action moves for a judgment of dismissal at his costs, and the motion is resisted by the defendant, and denied by the Court, a writ of mandate will not be issued commanding the Judge to enter a judgment of dismissal.

SAME.—In refusing to enter a judgment of dismissal in an action on plaintiff's motion, the Judge acts judicially, and a mandamus does not lie to compel him to reverse his decision and render a different one.

OBJECT OF WRIT OF MANDATE.—When the act to be done is judicial and discretionary, a writ of mandate cannot direct what judgment shall be rendered, nor can it be granted, after an inferior tribunal has acted, for the purpose of reviewing its decision.

REMEDY FOR JUDICIAL ERROR.—If in acting judicially the Court commits an error, the remedy is by appeal and not by mandamus.

On the 6th day of July, 1857, Charles B. Polhemus, the relator, and George W. P. Bissell commenced an action in the District Court of the Twelfth Judicial District, City and County of San Francisco, against William M. Carpenter, James P. Treadwell, and others, on a promissory note .given by Carpenter, and to foreclose a mortgage given to secure the note. Treadwell was made a defendant under an allegation in the complaint that he claimed an interest in the mortgaged property which accrued subsequent to the lien of the mortgage. All the defendants except Treadwell made default—Treadwell answered. A judgment was rendered in the District Court, from which an appeal was taken to the Supreme Court, where the judgment was reversed and a new trial granted. The remittitur was sent down, and the cause was placed on the calendar for trial at the October term, 1864. December 5th, 1864, plaintiffs' attorney filed the following paper in the cause :

I consent that this suit be dismissed, and request the Clerk to enter such dismissal in his register, and to enter judgment thereupon. DELOS LAKE,
　　　　　　　　　　　　　　　　Attorney for Plaintiff.

December 6th, plaintiff's attorney served on Treadwell notice of the dismissal. December 7th, Treadwell served on plaintiff's attorney a written notice that he should proceed to try the cause and disregard the dismissal. December 8th, plaintiff's attorney moved the Court to enter a judgment of dismissal, which motion was denied. Plaintiff then applied to the Supreme Court for a writ of mandate commanding the Judge to enter a judgment of dismissal.

The other facts are stated in the opinion of the Court.

*Delos Lake,* for Relator.

The act which the statute required the Court below to perform, namely, to direct the entry of judgment of dismissal on the plaintiff's motion, was a ministerial and not a judicial act. The case contemplated by the statute having arisen, there was no room for the exercise of any discretion on the part of the Court. Its duty was plain, imperative, and absolute. Mandamus is in such cases the proper remedy. (Bacon's Abridgt., Vol. 6, p. 434, Mandamus D.; *Rex* v. *Barber*, 3 Burrows, 1,267.)

"Mandamus lies to all inferior tribunals, magistrates, and officers, and extends to all cases of neglect to perform a legal duty where there is no other adequate remedy. It applies to judicial as well as ministerial acts. If the duty be judicial, the mandate will be to the officers to exercise their official discretion or judgment without any direction as to the manner in which it shall be done. If it be ministerial, then the mandamus will direct the specific act to be performed." (*Carpenter* v. *Co. Commissioners*, 21 Pick. 259.)

There are many acts within the sphere of the duties of a Judge which are simply ministerial, such as receiving and recording the verdict of a jury, confirming referee's report, where there is no opposition, signing and sealing bills of exceptions, etc. As to signing and sealing bills of exceptions, see *Delevan* v. *Boardman*, 5 Wend. 132; *People* v. *Judges of Westchester*, 2 John. Cas. 118; *People* v. *Judges of Washington*, 1 Caines' R. 511.

A mandamus lies to compel the transfer of a cause from a State to a Federal Court, where the party has complied with the necessary conditions to entitle him to such removal. (4 H. & M. 173.)

In the case of *People* v. *County Judge*, 13 How. Pr. Reports, where it was contended that an appeal had been improperly dismissed, the Court awarded a mandamus, on the ground that the act of the Judge in dismissing the appeal was a ministerial and not a judicial act.

*J. P. Treadwell*, in *pro. per.*, against the writ.

This writ lies to compel an inferior Court to proceed and render judgment, but not to retrace its steps, or to direct in advance its judicial action, or what particular judgment to render. The present application for the writ is clearly within the decisions under this head, and precluded by them. The doctrine is well illustrated in an opinion that seems to have had the unanimous concurrence of the Court of Errors in *The Judges of the Oneida C. P.* v. *The People*, 18 Wend. 92.

By the Court, SANDERSON, C. J.

This is an application for a mandamus to the Judge of the Twelfth Judicial District, commanding him to enter a judgment of dismissal in an action pending in his Court wherein the relator and another are plaintiffs and James P. Treadwell and others are defendants.

It appears that the plaintiffs in that action, upon notice, moved the Court to enter a judgment dismissing it at their costs, as provided in the first subdivision of section one hundred and forty-eight of the Civil Practice Act. This motion was contested by defendant Treadwell, upon the ground that he had made a counter claim; and hence the plaintiffs could not dismiss against his consent; and in support of his opposition to the motion Treadwell relied upon the pleadings, proceedings and a stipulation made in the action between the parties thereto and an affidavit made by himself. After hearing the

argument of counsel the Court denied the motion, thereby sustaining the grounds of the objection to the motion interposed by the defendant.

We do not think a mandamus will lie in this case. The real and substantial question presented for the decision of the Court by the motion to dismiss was whether the defendant had set up a counter claim against the plaintiffs upon which he was seeking affirmative relief. If he had not, the plaintiffs were undoubtedly entitled to the judgment which they asked, otherwise not. The solution of that question depended upon the judicial reading and construction of the defendant's answer and the stipulation between the parties, and the effect of the latter upon the former. It was claimed on the part of the plaintiffs, first, that the counter claim made in the answer could not be legally made in the action; and, second, that the counter claim had been withdrawn by the force and effect of the stipulation. Both of these propositions were denied by the defendant, and in deciding them the Judge acted judicially, not ministerially; and, having decided them according to the best of his ability, a mandamus does not lie to compel him to reverse his decision and render a different one. (*Chase* v. *Blackstone Canal Company*, 10 Pick. 244; *The People ex rel. Doughty* v. *The Judges of Dutchess County*, 20 Wend. 658.) This writ lies to compel a subordinate judicial tribunal to proceed and exercise its functions when it has neglected or refused to do so; but when the act to be done is judicial or discretionary the writ cannot direct what decision or judgment shall be rendered, nor can it be granted, after the inferior tribunal has acted, for the purpose of reviewing its decision. (*The People* v. *Sexton*, 24 Cal. 79.) If the Court has committed an error in denying the plaintiffs' motion the same can be reviewed on appeal, which is a speedy and adequate remedy in the ordinary course of law within the meaning of the four hundred and sixty-eighth section of the Practice Act. To review errors is not the office of the writ of mandamus.

The case of *The People ex rel. Smith* v. *The Judge of the Twelfth District*, 17 Cal. 548, was a much stronger case for the

relator than this. There the Legislature by a special Act had directed the Court to make an order changing the venue in a certain action then pending before it. The language of the Act was clear, explicit and mandatory, leaving nothing to the discretion of the Court. The Court nevertheless refused to make the order, and it was held that a mandamus would not lie.

Mandamus denied.

Mr. Justice SHAFTER, being disqualified, did not participate in the decision of this case.