[S. F. No. 426. In Bank.—October 8, 1896.]

THE PEOPLE etc. ex rel. C. GESFORD, Petitioners, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, AND A. A. SANDERSON, JUDGE, Respondents.

Mandamus—Judicial Action not Reviewable—Remedy by Appeal. The question whether the judicial action of a court is erroneous, cannot be considered upon writ of mandate, it not being the office of the writ to review judicial errors; nor will the writ lie where there is a remedy by appeal.

Id.—Usurpation of Office by Insurance Commissioner—Forfeiture—Oral Plea—Default.—Where an action was brought to oust an insur-

ance commissioner from office, and to have it adjudged that he had forfeited the office, by receiving a free railroad pass, in which the defendant merely entered an oral plea of "not guilty" of the offense charged, which plea was entertained by the court and entered upon the minutes, *mandamus* will not lie to compel the court to enter judgment by default for want of a written answer to the complaint, regardless of error in the ruling of the court as to the sufficiency of the oral plea.

Petition in the Supreme Court for a writ of *mandamus* to the Superior Court of the City and County of San Francisco.   A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

*W. F. Fitzgerald*, Attorney General, and *Garret W. McEnerney*, for Petitioners.

The acceptance of a free pass by a public officer is not a crime or public offense. (Pen. Code, secs. 6, 15, 31; *People* v. *McNulty*, 93 Cal. 427.) Even though the defendant in *People* v. *Higgins* might be prosecuted in a criminal action, and be subjected to "a conviction" for riding upon a free pass, he is nevertheless subject to any civil remedy which may exist for the same act. (*In re Debs*, 158 U. S. 594; Code Civ. Proc., sec. 32; Pen. Code, secs. 9, 10; *Commonwealth* v. *Walter*, 83 Pa. St. 105; 24 Am. Rep. 154.) The complaint in the case of *People* v. *Higgins* is good either as an action in *quo warranto*, or as an action under sections 803 et seq. of the Code of Civil Procedure, which remedies are substantially equivalent. (*People* v. *Dashaway Assn.*, 84 Cal. 114; *People* v. *Stanford*, 77 Cal. 360; *People* v. *Bingham*, 82 Cal. 238; *People* v. *Perry*, 79 Cal. 106.) Whether the action is in *quo warranto* or an action under the code, it is a civil action. (See cases *supra*, and *Ames* v. *Kansas*, 111 U. S. 449; *Foster* v. *Kansas*, 112 U. S. 201; *Wheeler* v. *Donnell*, 110 Cal. 655; *State* v. *De Gress*, 53 Tex. 387; *Attorney General* v. *Sullivan*, 163 Mass. 446; *State* v. *Johnson*, 26 Ark. 281; *East Dallas* v. *State*, 11 S. W. Rep. 1030; Code Civ. Proc., secs. 802, 804; *People* v. *Stratton*, 28 Cal. 382; *People* v. *Board of Supervisors*, 27 Cal. 655; *People* v. *Albany etc. R. R. Co.*, 1 Lans. 308; 57 N. Y.

161; *People* v. *Cook,* 8 N. Y. 67; 59 Am. Dec. 451; *People* v. *Clayton,* 11 Pac. Rep. 206; *People* v. *Nolan,* 101 N. Y. 539; *Ames* v. *Kansas, supra; People* v. *Rathbone,* 145 N. Y. 434; *People* v. *Abbott,* 16 Cal. 359; High on Extraordinary Legal Remedies, 3d ed., secs. 611–16.) The action in *quo warranto* and the action under the code are governed by the same rules of pleading as obtain in other civil actions, and a failure to deny a material allegation entitled the plaintiff to take that allegation as admitted, and a failure to answer, as in other civil actions, entitled the plaintiff to a default and judgment. (*Attorney General* v. *Barston,* 4 Wis. 567; High on Extraordinary Legal Remedies, 3d ed., secs. 710–30, 739; *State* v. *Giovanoni,* 59 Mo. App. 41; *People* v. *Knox,* 38 Hun, 237; *People* v. *Lowden,* 8 Pac. Rep. 66; *People* v. *Volcano etc. Co.,* 100 Cal. 87; Spelling's Extraordinary Relief, sec. 1884; *People* v. *Rathbone, supra; People* v. *Stanford,* 77 Cal. 376; *People* v. *Albany etc. R. R. Co.,* *supra; People* v. *Board of Supervisors, supra; People* v. *Cook, supra.) Mandamus* is the proper and only remedy. (*Wood* v. *Strother,* 76 Cal. 545; 9 Am. St. Rep. 249; *Anderson* v. *Pennie,* 32 Cal. 265.)

*R. B. Carpenter,* and *John M. Wright,* for Respondents.

If the judgment sustaining the demurrer leaves anything of this case it is purely criminal. Proceedings for the removal of state officer for misdemeanor committed in office are criminal. (Pen. Code, secs. 15, 682, 683, 888, 889; *In re Curtis,* 108 Cal. 661; *Wheeler* v. *Donnell,* 110 Cal. 655; *Kilburn* v. *Law,* 111 Cal. 237; *Thurston* v. *Clark,* 107 Cal. 285; *Dyer* v. *Placer County,* 90 Cal. 276; *Ex parte Clarke,* 103 Cal. 354; *Ex parte Gould,* 99 Cal. 360; 37 Am. St. Rep. 57; *Crossman* v. *Lesher,* 97 Cal. 382; *Donnelly* v. *People,* 11 Ill. 552; 52 Am. Dec. 459; *Boyd* v. *United States,* 116 U. S. 616; *Lees* v. *United States,* 150 U. S. 476.) The plea entered was the only proper plea. (Pen. Code, secs. 1016, 1017.) There can be no default in a criminal action. If the defendant refuses to plead, the plea of not guilty must be entered.

(Pen. Code, sec. 1024.)  There can be no judgment by default; there must be a trial and conviction.  (Pen. Code, sec. 689.)  This court cannot, in this proceeding, direct the respondent to give a certain judgment of any kind.  (*Peralta* v. *Adams*, 2 Cal. 594; *People* v. *Sexton*, 24 Cal. 79; *People* v. *Bell*, 4 Cal. 177; *People* v. *Hubbard*, 22 Cal. 35; *Ex parte Cage*, 45 Cal. 248; *Cariaga* v. *Dryden*, 29 Cal. 307; High on Extraordinary Legal Remedies, secs. 149, 150, 152, 176; 14 Am. & Eng. Ency. of Law, 110, 112, and cases cited; *Splivalo* v. *Bryan*, 102 Cal. 403; *Kings County* v. *Johnson*, 104 Cal. 198; *Garoutte* v. *Haley*, 104 Cal. 497; *Gutierrez* v. *Superior Court*, 106 Cal. 171; *People* v. *Loewy*, 29 Cal. 264; *Lewis* v. *Barclay*, 35 Cal. 213; *Beguhl* v. *Swan*, 39 Cal. 411; *People* v. *Weston*, 28 Cal. 640.)

McFARLAND, J.—This is an original petition filed in this court for a writ of *mandamus* to compel the respondents to render judgment in favor of petitioners as plaintiffs in a certain proceeding pending in the court of respondents, in which the petitioners here were plaintiffs and one M. R. Higgins defendant, in accordance with the prayer of the complaint in said proceeding.

The complaint in said case of the *People* v. *Higgins*, in which said Gesford was relator, contained two counts. In the first count it was charged substantially that the said Higgins had intruded himself upon the office of insurance commissioner, and that for certain reasons given in said complaint he had no title to said office. In the second count it was charged substantially that said Higgins had accepted and was using a free pass, issued by a certain railroad company over the roads operated by it in this state, and that he had, therefore, forfeited the said office of insurance commissioner.  In the prayer of the complaint judgment was asked that said Gesford be declared to be entitled to said office; that said Higgins was not entitled to but had forfeited the same; and that he, Higgins, be fined in the sum of

five thousand dollars.  Higgins demurred to the complaint.  His demurrer was sustained as to the first count, without leave to amend; and the demurrer was sustained as to the second count, with leave to amend; the demurrer to the second count apparently being sustained upon the ground that the averment that Higgins had received said pass was made upon information and belief, whereas it should have been made positively. The plaintiffs afterward amended the second count by inserting a positive averment of the receipt of said pass. Thereupon the defendant in said case, Higgins, orally pleaded that he was not guilty of the offense charged, which plea was entered upon the minutes of the court. Notwithstanding said plea the plaintiffs in said case procured the clerk to enter a default of the defendant, and thereafter the plaintiffs in said action, petitioners here, applied to the respondents, the said court and the judge thereof, for a judgment in accordance with the prayer of their complaint, and the court refused to enter said judgment or any judgment.  Thereupon they filed the present petition in this court asking that said respondents be "commanded, upon said default and the papers and pleading in this cause, to enter a judgment in favor of these petitioners, as plaintiffs in said action, for the relief demanded in the complaint."

It is our opinion that the petition should be denied. It is argued very strenuously by counsel for respondents that after the demurrer had been sustained to the first count of the complaint in the *People* v. *Higgins*, the case was then simply a proceeding to have defendant's title to an office declared forfeited for certain alleged misconduct, and to have him punished by a fine; that this proceeding was then—whatever its form—essentially criminal in its nature; and that, therefore, the plea of not guilty was sufficient.

No doubt the proceeding was *quasi* criminal.  It is true that the mere acceptance of a pass is not itself a crime; but one who holds an office and a pass at the same time may be subjected, by a proceeding like the

one here under review, to a severe criminal punishment. It is, at least, doubtful if he could be compelled to give evidence against himself. (See *Thurston* v. *Clark*, 107 Cal. 285, and cases there cited.) But whether or not his said plea of not guilty was a proper and sufficient plea is a question not here before us. That question was passed upon judicially by the court; and if it committed an error in deciding that question, such error cannot be reviewed on *mandamus.* The case is quite similar in principle to that of *People* v. *Pratt,* 28 Cal. 166; 87 Am. Dec. 110. In the latter case the plaintiffs moved the trial court to enter a judgment dismissing the action at their costs, and the defendant opposed the motion upon the ground that he had a counterclaim. The court denied the motion; and plaintiffs applied to this court for a mandate commanding the lower court to enter such judgment. They contended that the alleged counterclaim could not be legally made in the action, and that it had been withdrawn by a certain stipulation. This court in denying the writ said: "Both of these propositions were denied by the defendant, and in deciding them the court acted judicially, not ministerially; and, having decided them according to the best of his ability, a *mandamus* does not lie to compel him to reverse his decision and render a different one. (Citing authorities.) This writ lies to compel a subordinate judicial tribunal to proceed and exercise its functions when it has neglected or refused to do so; but when the act to be done is judicial, or discretionary, the writ cannot direct what decision or judgment shall be rendered, nor can it be granted after the inferior tribunal has acted, for the purpose of reviewing its decision. . . . . To review errors is not the office of the writ of *mandamus.*" This language merely states a principle well established, and frequently declared by this court. Many of the authorities on the subject are cited in the opinion of the court in *Strong* v. *Grant,* 99 Cal. 100, which was a petition for a writ of *mandamus* commanding the superior court to dismiss a certain

criminal action pending therein. The writ was denied, and this court said: "The rule is so well established that it may be said to be universal, that the writ of *mandamus* cannot be used to correct the errors of a court in passing upon questions regularly submitted to it in the course of a judicial proceeding, or to control the exercise of its discretion." The rule there stated applies to the case at bar as clearly as to any of the numerous cases to which it has been applied by this court. By their motion for judgment the petitioners invoked a judicial decision, and such decision cannot be reviewed on *mandamus*. This is clearly not a case where, upon an undisputed default, the law specially enjoins upon the clerk—or the court—the ministerial duty of entering a certain specifically defined judgment. All the questions here involved are disputed questions calling for the exercise of a judicial discretion. What kind of a judgment should, or could, this court, by writ of mandate, command the respondents to enter?

Moreover, under any view, the petitioners had by appeal "a plain, speedy, and adequate remedy, in the ordinary course of law," and, therefore, *mandamus* does not lie. As was said in *People* v. *Pratt, supra:* "If the court has committed an error in denying the plaintiff's motion, the same can be reviewed on appeal, which is a speedy and adequate remedy in the ordinary course of law within the meaning of the four hundred and sixty-eighth section of the practice act." If, when the case of the *People* v. *Higgins* shall have come on for trial, the plaintiffs therein shall elect to submit it on a motion for judgment on the pleadings, and the court shall decide against them and render judgment for defendant, an appeal will be the natural and regular remedy; and if the defendant therein shall continue to stand upon his present plea and refuse to ask leave to amend, he must incur the hazard of what this court may finally decide in the premises if the case shall come here regularly on appeal. The issuance of the writ of *mandamus* would forever preclude any defense upon the merits.

Under the above views it is unnecessary to inquire what similarity there is between the proceeding of *People* v. *Higgins* and the old writ of *quo warranto.*

The prayer of the petition is denied, and the writ dismissed.

Van Fleet, J., and Garoutte, J., concurred.

Beatty, C. J., concurring.—I concur in the judgment denying the writ. The action of the clerk in entering a default after the court had accepted the oral plea of not guilty was entirely nugatory. The question whether the defendant was in default or not was a question for the court and not for the clerk to decide.

The court decided—erroneously it may be conceded—that the proceeding was criminal, and that an oral plea entered on the minutes was sufficient. The motion for judgment was, therefore, a motion for judgment on the pleadings, and—it may also be conceded—was erroneously decided, but I do not understand that mandate is the proper remedy in such a case. The proper course for the relator, if he was confident of his position, was to submit the case for decision and final judgment on the pleadings, and, if the judgment went against him, to appeal.

Harrison, J., dissenting.—The attorney general commenced an action in the superior court in the name of the people of the state, on the relation of Henry C. Gesford, against M. R. Higgins, alleging that he was unlawfully holding and exercising the office of insurance commissioner. In addition to the statement of the cause of action the complaint also set forth the facts showing the claim of Gesford to the office, and prayed judgment that the defendant be excluded from the office and Gesford be put in possession thereof. The cause of action was set forth in the complaint in two counts, and the defendant demurred to each of these counts, and also demurred to the complaint as a whole, upon the ground that several causes of action were improperly

united. The court sustained the demurrer to the first count without leave to amend, and also sustained the demurrer to the second count, but gave the plaintiff leave to amend the same. Under the leave thus given the plaintiff filed an amendment to this count, and thereupon the attorney for the defendant appeared in court and tendered the following oral plea: "The defendant pleads that he is not guilty of the offense charged," upon which the following entry was made in the minutes of the court: "In this action the defendant's attorney, Mr. Carpenter, appeared for his client, M. R. Higgins, and pleaded that said Higgins is not guilty of the offense charged." Thereafter, at the request of the plaintiff, the clerk entered the default of the defendant for his failure to appear and answer the complaint as amended, and the plaintiff applied to the court for the relief demanded in the complaint, but the judge thereof denied the said application and refused to give any relief whatever, or to recognize the said default as being properly entered, upon the ground that the action herein was a criminal cause, and that a plea of not guilty was proper to the complaint as amended herein. The present application is made by the plaintiff for a writ of mandate commanding the respondent to entertain the application of these petitioners for the relief demanded in the complaint, and to enter a judgment in their favor as therein demanded. The respondent in his answer avers that he has already entertained the application of the plaintiff, and has denied the same.

The order sustaining the demurrer to the first count of the complaint, without leave to amend, was equivalent to a judgment that the plaintiff was not entitled to any relief based upon that count; and the subsequent amendment to the second count had the effect to make that count as thus amended the only complaint in the action, and the sole basis of the relief sought by the plaintiff.

The action was brought under section 803 of the Code of Civil Procedure, which provides:

"An action may be brought by the attorney general in the name of the people of this state, upon his own information, or upon the complaint of a private party, against any person who usurps, intrudes, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state."

Such an action is a civil action, whether it be regarded as authorized by the above section of the code, or as a proceeding instituted under the provision in the constitution giving to the superior court jurisdiction to issue writs of *quo warranto*.   In *People* v. *Perry*, 79 Cal. 105, the court said of a similar action brought under the above section : "This is a proceeding substantially equivalent to that by *quo warranto*.   It is the same as *quo warranto*, with something added."   (See, also, *People* v. *Bingham*, 82 Cal. 238; *People* v. *Pease*, 30 Barb. 588; *People* v. *Thacher*, 55 N. Y. 525; 14 Am. Rep. 312.)   Mr. High, in his treatise on Extraordinary Legal Remedies, section 710, says: "The tendency of the courts in modern times being to regard an information in the nature of a *quo warranto* in the light of a civil remedy invoked for the determination of civil rights, although still retaining its criminal form and some of the incidents of criminal proceedings, the better doctrine now is that pleadings should conform as far as possible to the general principles and rules of pleading which govern in ordinary civil actions."   As a civil action authorized by the Code of Civil Procedure, it is subject to the rules of pleading given in that code, section 421 of which declares: "The forms of pleading in civil actions, and the rules by which the sufficiency of the pleadings is to be determined, are those prescribed in this code"; and, by section 422, the only pleadings allowed on the part of the defendant are the demurrer to the complaint and the answer.   The provision in section 446, that every pleading must be subscribed by the plaintiff or his attorney, and of section 465, that all pleadings subsequent to the complaint must be filed with the clerk, and copies thereof served upon the adverse party or his

attorney," render it necessary that all pleadings shall be in writing or printed, and preclude a party from making any oral pleading whatever.

There is no ground for considering that the present action is instituted under the provisions of section 772 of the Penal Code, or that it is to be regarded as criminal in its nature. The superior court can act under that section only when it has received an accusation in writing, alleging that the officer has charged and collected illegal fees, or has refused or neglected to perform the official duties pertaining to his office. The only grounds alleged in the complaint herein are the failure to file a sufficient bond, and the subsequent acceptance and use of a free pass granted to him by the Southern Pacific Company, a railroad corporation operated within this state, and of neither of these acts can there be predicated any turpitude or neglect of official duty. The people have prescribed certain conditions under which its officers may exercise the functions of the offices to which they have been elected or appointed, and have declared that in certain cases they shall no longer hold such offices, one of which is the acceptance of a free pass from a railroad or other transportation company. (Const., art. XII, sec. 19.) The acceptance of such a pass has no more of the elements of a criminal nature than would the acceptance by an officer of a lucrative office under the United States, or the absence from the state by a judicial officer for more than sixty days, or the voluntary removal from the county for which the officer was elected, either of which acts would be a ground for declaring that he could no longer exercise the office. (See *People* v. *Leonard*, 73 Cal. 230.)

Under a writ of *quo warranto*, or an information in the nature of a *quo warranto*, the defendant was required either to disclaim or justify. The state was not required to make any showing, but the onus was upon the defendant to establish his right to a judgment in his favor. He was required either to deny that he was in the exercise of the office, or to allege facts sufficient

to show that he had the right to exercise the office. (*People* v. *Crawford*, 28 Mich. 88; High on Extraordinary Legal Remedies, sec. 716.)   A plea of not guilty was insufficient, and not to be regarded as a defense. (*Attorney General* v. *Foote*, 11 Wis. 14; *Commonwealth* v. *M'Williams*, 11 Pa. St. 61.)   Even in Illinois, where the proceedings are required to be in many respects in analogy to criminal proceedings, it is held that " the defendant must either disclaim or justify.  If he disclaims, the people are at once entitled to judgment.  If he justifies, he must set out his title specially.  It is not enough to allege generally that he was duly elected or appointed to the office, but he must state particularly how he was elected or appointed.  He must show on the face of the plea that he has a valid title to the office. The people are not bound to show anything.  The information calls upon the defendant to show by what warrant he exercises the functions of the office, and he must exhibit good authority for so doing, or the people will be entitled to judgment of ouster."   (*Clark* v. *People*, 15 Ill. 213.)   And, although the complaint under the procedure authorized in this state need not have alleged the facts constituting the usurpation or illegal exercise of the office by the defendant, but would have been sufficient by merely alleging that he is unlawfully exercising the office (*Palmer* v. *Woodbury*, 14 Cal. 43), leaving his right to such exercise to be pleaded in his defense, yet these allegations in the complaint herein, being material and relevant to the issue, and not having been denied, the facts thus alleged must be held to ·be admitted by him.   (*People* v. *Knox*, 38 Hun, 236.) If the defendant is in default in answering or pleading to the information, he is regarded as confessing all its allegations, and the court must thereupon proceed to judgment of ouster forthwith.  (High on Extraordinary Legal Remedies, sec. 739.)  As, therefore, the defendant herein was in default by reason of his failure to make any answer to the allegations in the complaint, the plaintiff was entitled upon such default to a judg-

ment, and the court should have entertained its application therefor, and rendered judgment in its behalf.

It is unnecessary to determine whether the relator has any right to the office held by the defendant. If the defendant is rightfully in the exercise of the office, the relator can have no right thereto; and, if the defendant has no right to the office, it is immaterial to him whether the office is vacant, or to be held by the relator. (*People* v. *Abbott,* 16 Cal. 358.) The attorney general is authorized to bring the action upon the complaint of a private party, and it is not necessary that it appear from his complaint, or be shown to the court, that such relator is entitled to the office (*People* v. *Bingham,* 82 Cal. 238); and, although the court may determine the right of the relator to the office (Code Civ. Proc., sec. 616), it is not required to do so. (*People* v. *Phillips,* 1 Denio, 388; High on Extraordinary Legal Remedies, sec. 757.) Nor will a defective averment of the relator's right defeat the right of a state to a judgment of ouster against the defendant. (*State* v. *Pomeroy,* 24 Wis. 63.)

The refusal of the court to grant the application of the plaintiff " upon the ground that the action herein was a criminal cause, and that a plea of not guilty was proper to the complaint as amended herein," was not a judgment in the action or the exercise of any judicial discretion, but was a refusal to recognize the existence of the default, and to proceed in the case in the only mode then remaining for its action. The default of the defendant in failing to answer the complaint was an admission by him of the truth of the facts alleged in the complaint, and should have been treated with the same effect as if these facts had been found by the court upon competent evidence. The plaintiff thereby acquired the right to a judgment that the defendant was unlawfully exercising the office, and that he be excluded therefrom; and the refusal of the court to recognize this right, and to give this judgment to the plaintiff, was a refusal to perform an act which, from the nature of its functions, it was required to perform. The court

had ceased to have any opportunity for the exercise of judicial discretion in the case, but the entry of this judgment had become an absolute duty on its part, which, in case of its refusal, it may be compelled to perform. Where a verdict or finding of facts authorizes a particular judgment, as an inevitable conclusion of law therefrom, and permits no other judgment, there is no place for the exercise of judicial discretion, and the court may be compelled by *mandamus* to cause such judgment to be entered. (*Russell* v. *Elliott*, 2 Cal. 245; *People* v. *Sexton*, 24 Cal. 78; *Wood* v. *Strother*, 76 Cal. 545; 9 Am. St. Rep. 249; *Johnston* v. *Superior Court*, 105 Cal. 666; *Keller* v. *Hewitt*, 109 Cal. 146; *Hensley* v. *Superior Court*, 111 Cal. 541; *Lloyd* v. *Brinck*, 35 Tex. 1; *Cortleyou* v. *Ten Eyck*, 22 N. J. L. 45; *State* v. *Whittet*, 61 Wis. 351; *Life & Fire Ins. Co.* v. *Wilson*, 8 Pet. 291; High on Extraordinary Legal Remedies, sec. 235; 2 Spelling's Extraordinary Relief, sec. 1407; Merrill on Mandamus, sec. 189.)

Whether, in addition to such judgment, a fine shall be imposed upon the defendant, is, by the express terms of section 809 of the Code of Civil Procedure, left to the discretion of the superior court; but the right to exercise its discretion in this particular does not limit or qualify its duty to enter the judgment of ouster; and although it cannot be controlled in the exercise of this discretion, it may be compelled to proceed to its exercise. The discretion given to the court is not to determine whether it will act, but is limited to the mode in which it will act, and, in such cases, *mandamus* will lie to compel a court to act and exercise the discretion given to it. (*Jacobs* v. *Board of Supervisors*, 100 Cal. 121; 2 Spelling's Extraordinary Relief, sec. 1394; High on Extraordinary Legal Remedies, sec. 24.)

In my opinion the application for the writ should be granted.

TEMPLE, J., and HENSHAW, J., concurred in the dissenting opinion.