[S. F. No. 9795. In Bank.—September 16, 1921.]

## JOHN ANDERSEN et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF NAPA, et al., Respondents.

[1] DISMISSAL—FAILURE TO BRING CASE TO TRIAL IN FIVE YEARS—SECTION 583, CODE OF CIVIL PROCEDURE.—The requirement of section 583 of the Code of Civil Procedure that an action shall be dismissed by the court in which it is pending on motion of the defendant, after due notice to the plaintiff, or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time be extended, is mandatory.

[2] ID.—DISCRETION.—The trial court is without discretion to refuse an order of dismissal where it is made to appear that the action has not been brought to trial within the prescribed period and that no stipulation in writing to extend the time has been made.

[3] ID.—REMEDIES—MANDAMUS.—*Mandamus* is a proper proceeding to enforce the provisions of section 583 of the Code of Civil Procedure, providing for the dismissal of an action if not brought to trial within five years after answer filed, where the parties have not stipulated in writing that the time be extended.

[4] ID.—QUESTION OF FACT—JUDICIAL DISCRETION.—The mere condition that some question of fact must be determined before the court may act under a mandatory provision of law does not make the act dependent upon judicial discretion.

[5] STATUTE OF LIMITATIONS—DEATH OF PARTY—RUNNING OF STATUTE. Where a cause of action arises in the lifetime of a person entitled to sue, his death does not interrupt the running of the statute of limitations in the absence of some statutory provision to the contrary, and this rule extends to the provisions of section 583 of the Code of Civil Procedure, which is in effect a statute of limitations upon the time for bringing a cause to trial.

[6] DISMISSAL—DEATH OF PARTY—SECTION 353, CODE OF CIVIL PROCEDURE.—Section 353 of the Code of Civil Procedure, allowing the commencement of an action against the representatives of a deceased person, who dies pending the running of the statute, within a year after the issuing of letters testamentary or of administration on his estate, does not affect the running of the five-year period provided by section 583 of the Code of Civil Procedure after which an action must be dismissed if there is not a stipulation in writing extending the time for trial.

[7] ID.—RENEWAL OF MOTION AFTER DENIAL.—Section 182 of the Code of Civil Procedure does not apply to the renewal of a motion denied for informality of the moving papers or proceedings, or in cases where leave to renew is given; nor does it go to the jurisdiction of the court to entertain a second motion. The penalty provided by section 183 of the Code of Civil Procedure is punishment for contempt and authority to the court to set aside an order obtained by a violation of the rule.

[8] ID.—UNAUTHORIZED MOTION — REMEDY.—The proper practice in case of an unauthorized motion is to strike it from the files.

PROCEEDING in Mandamus to compel the dismissal of an action on the ground that it was not brought to trial within five years after answer filed. Writ granted.

The facts are stated in the opinion of the court.

E. L. Webber for Petitioners.

Percy King, Jr., for Respondents.

SLOANE, J.—This matter comes before this court for hearing from the district court of appeal of the third appellate district upon petition for writ of mandate to require the superior court of the county of Napa to dismiss an action under section 583 of the Code of Civil Procedure, for failure to bring the same to trial within five years after answer filed, in which action one Henry Weaver is named as plaintiff and the petitioners here, John Andersen, W. P. Austin, and Janie M. Andersen, are defendants. A dismissal was had as to other defendants for failure to serve them with summons within three years under the requirements of section 581a of the Code of Civil Procedure.

The action in question was commenced in December, 1914, and the answer of the defendants, who are petitioners here, was filed on the 27th of January, 1915.

The cause was never brought to trial, and no attempt to set a day for trial seems to have been made until the twenty-ninth day of November, 1920, which was some months after the expiration of five years from the date when answer was filed.

It is conceded in the record that no stipulation in writing was ever made extending the time prescribed by the statute.

[1] The requirement of section 583 of the Code of Civil Procedure that an action shall be dismissed by the court in which it is pending on motion of the defendant, after due notice to the plaintiff, or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time be extended, has repeatedly been held by this court to be mandatory. (*Romero* v. *Snyder*, 167 Cal. 216, [138 Pac. 1002]; *Larkin* v. *Superior Court*, 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841]; *City of Los Angeles* v. *Superior Court*, 185 Cal. 405, [197 Pac. 79]; *Rio Vista Mining Co.* v. *Superior Court*, *ante*, p. 1, [200 Pac. 616]; *Ravn* v. *Planz*, 37 Cal. App. 735, [174 Pac. 690]; *Boyd* v. *Southern Pacific R. R. Co.*, 185 Cal. 344, [197 Pac. 58].)

[2] The trial court is without discretion to refuse an order of dismissal where it is made to appear that the action has not been brought to trial within the prescribed period and that no stipulation in writing to extend the time has been made.

[3] Under such conditions *mandamus* is a proper proceeding if no other plain, speedy, and adequate remedy exists. *Mandamus* has been frequently upheld to enforce this provision of the code. (*Larkin* v. *Superior Court*, *supra; Pistolesi* v. *Superior Court*, 26 Cal. App. 403, [147 Pac. 104]; *City of Los Angeles* v. *Superior Court*, *supra*.)

However, treating the question as open for consideration, we think the practice thus sanctioned is justified. There is no other speedy or adequate remedy provided. An appeal does not lie directly from an order refusing to dismiss the action; and to compel a defendant to submit to an unwarranted trial of the cause and then appeal from the judgment if adverse to him, would not afford speedy or adequate relief.

It was so held by this court in the opinion by Chief Justice Beatty in *White* v. *Superior Court*, 126 Cal. 246, [58 Pac. 451], involving the right to a writ of prohibition after refusal to dismiss an action under section 581 of the Code of Civil Procedure. It was there claimed that the writ of prohibition should not issue because petitioner had a plain, speedy, and adequate remedy by appeal in the

ordinary course of law from any judgment that might finally be rendered against him in the action. The opinion states: "Such remedy by appeal is, perhaps, plain, but can hardly be called speedy or adequate. Petitioner has a present right to the dismissal of the action as against himself, and the removal of the lien by which his property is encumbered, and such right cannot be protected or enforced by an appeal from a possible judgment in the action to foreclose." To the same effect is *Davis* v. *Superior Court,* 184 Cal. 691, [195 Pac. 390].

The proposition so strongly urged in behalf of respondent that *mandamus* will not lie in this proceeding because the matters submitted under the motion to dismiss called for the exercise of judicial and discretionary powers of the court, which cannot be called in question in this manner, is not maintainable.

As already pointed out, the requirement to dismiss after five years, in the absence of a stipulation in writing extending the time, is mandatory. There was no issue presented that the five years had not elapsed, or that there had been a stipulation made between the parties. If such an issue had been made and the court had found as a fact in the case that no answer had been filed, or that five years had not elapsed, or that there had been a written stipulation between the parties for an extension of time, it may be conceded that the decision of the court as to such facts could not be reviewed in this proceeding. But where the express mandatory conditions for a dismissal are clearly established, and without contradiction, the court was without discretion in the matter.

The distinction between a mandatory and discretionary act is illustrated by the two provisions of section 583. The first clause provides a discretionary ground of dismissal for want of diligent prosecution of an action after two years, and the action of the court in granting or refusing to dismiss could not be controlled by *mandamus* or *certiorari,* at least in the absence of clear abuse of discretion; while the second clause makes a fixed and arbitrary rule that requires the performance of "an act which the law specially enjoins" and which gives jurisdiction for the exercise of the writ of mandate under section 1085 of the Code of Civil Procedure.

[4] The mere condition that some question of fact must be determined before the court may act under a mandatory provision of law does not make the act dependent upon judicial discretion. No duty is enjoined by law which does not first require as a condition of its enforcement proof of the jurisdictional facts. The distinction may sometimes be confusing, but it is substantial.

The cases relied upon by respondents, and in the opinion of the learned court of appeal in this matter, involved the decision of the question of fact upon which the law imposed the duty to dismiss. In *People* v. *Pratt,* 28 Cal. 166, [87 Am. Dec. 110], *mandamus* was invoked to compel a dismissal by the trial court of an action on motion of the plaintiff under a provision of the old Practice Act corresponding to subdivision 1 of section 581 of the Code of Civil Procedure. The motion was opposed by defendant on the ground that he had filed a counterclaim for affirmative relief. The trial court had sustained the objection of the defendant to dismissal. This court, on the application for *mandamus,* says: "We do not think *mandamus* will lie in this case. The real and substantial question presented for the decision of the court by the motion to dismiss was whether the defendant had set up a counterclaim against the plaintiffs upon which he was seeking affirmative relief. If he had not, the plaintiffs were undoubtedly entitled to the judgment which they asked, otherwise not. The solution of that question depended upon the judicial reading and construction of the defendant's answer and the stipulation between the parties, and the effect of the latter upon the former. It was claimed on the part of the plaintiffs, first, that the counterclaim made in the answer could not be legally made in the action; and, second, that the counterclaim had been withdrawn by the force and effect of the stipulation. Both of these propositions were denied by the defendant, and in deciding them the judge acted judicially, not ministerially; and, having decided them according to the best of his ability, a *mandamus* does not lie to compel him to reverse his decision and render a different one." This is just such a case as we would have here if the trial court had denied a dismissal upon a showing and finding that a written stipulation extending time of trial had been made.

*People* v. *Superior Court,* 114 Cal. 466, [46 Pac. 383], was a case in which the people, in a *quasi*-criminal proceeding, had caused defendant's default to be entered on the ground that a verbal plea, entered as an answer to the complaint, was ineffective as an appearance, and applied to the court for a judgment on such default. The trial court held the plea sufficient and refused the application for judgment.

In denying a petition for a writ of mandate this court says: "But whether or not his plea of not guilty was a proper and sufficient plea is a question not here before us. That question was passed upon judicially by the court; and if it committed error in deciding that question, such error cannot be reviewed on *mandamus.*"

If it had appeared in that case that no plea or answer at all had been made by the defendant, a question parallel to the one here might be presented.

Respondents, however, claim that the order of the trial court was based upon other facts in issue and upon which it passed judicially.

It might be said in answer to this that the only condition permitted by the statute to defeat petitioners' right to a dismissal after five years is the existence of a stipulation extending the time.

But, conceding that there may be equitable grounds of estoppel to the enforcement of the dismissal of an action under section 583 of the Code of Civil Procedure, as is, perhaps, intimated in *Larkin* v. *Superior Court, supra,* and *Los Angeles* v. *Superior Court, supra,* the question to be first presented to this court under a *mandamus* proceeding would be one of law, as to whether the facts pleaded and passed upon by the trial court constituted a sufficient ground for denying the motion to dismiss. It cannot be claimed that it is a matter within the discretion of the trial court to arbitrarily determine what extraneous circumstances will excuse a compliance with the statute.

In this instance the facts relied upon are that from a date within a month after the answer in the pending case was filed until after the five-year period had expired, there was no plaintiff in the action to bring the cause to trial. It is claimed that the plaintiff, Weaver, died about a month after

answer filed and there was no substitution of the personal representatives of the decedent as plaintiff in the action until after five years, and but shortly before this motion to dismiss was made. It appears that representatives of the estate of decedent, in the persons of executors of his last will, were appointed, qualified and acting at all times subsequent to May 14, 1915, which date was less than two months after his death.

We do not see how under this state of facts it can be held that there was any suspension of the running of the five-year limitation against decedent's estate.

[5] It is a familiar and well established rule of law that where a cause of action arises in the lifetime of a person entitled to sue, his death does not interrupt the running of the statute of limitations in the absence of some statutory provision to the contrary. (*McLeran* v. *Benton,* 73 Cal. 329, [2 Am. St. Rep. 814, 14 Pac. 879]; 25 Cyc. 1277; *Mereness* v. *Charles City Bank,* 112 Iowa, 11, [84 Am. St. Rep. 318, 51 L. R. A. 410, 83 N. W. 711]; *Tobias* v. *Richardson,* 26 Ohio C. C. 81; *Rowan* v. *Chenoweth,* 49 W. Va. 287, [87 Am. St. Rep. 796, 38 S. E. 544]; 17 R. C. L., p. 850.)

No reason is suggested, and we can think of none, why this rule should not extend in like manner to this provision of section 583. It is in effect a statute of limitation upon the time for bringing a cause to trial.

It is true that section 353 of our Code of Civil Procedure suspends the running of the statute as to time of commencing an action, after death of the person entitled to sue, for a period of six months, but there is no authority for extending this provision beyond the proceeding to which it applies; and if it were applicable to section 583, it would not relieve the situation for plaintiffs in this case, as the addition of six months to the five-year period of the statute would still leave them in default, the motion for dismissal not having been made for some ten months after the expiration of the five years.

[6] This case is not affected by the portion of section 353 of the Code of Civil Procedure invoked by respondents. That provision allows the commencement of an action against the representatives of a deceased person who dies pending the running of the statute within a year after the issuing of letters testamentary or of administration on his estate.

In the case of a deceased plaintiff the action must be commenced by his representatives within six months after his death.

It was incumbent upon the representatives of the estate of the deceased plaintiff to have the pending litigation brought to trial within the statutory period.

As further ground of objection to the issuance of a writ of mandate in this matter, respondents urge that the motion for dismissal was properly denied, for the reason that two previous motions based on the same grounds had been presented by these petitioners and denied by another judge of the same court, and that the motion before us was made in violation of the rule provided in section 182 of the Code of Civil Procedure. There is no transcript or record before us of the proceedings had on these previous motions. The petition for the writ of mandate on file here, however, purports to set out the substance of the prior petitions, and as the answer makes no denial of the correctness of the recitals, we assume they correctly state the facts.

It may be doubted therefrom if either of the former petitions stated facts sufficient to justify the relief provided by the second subdivision of section 583 of the Code of Civil Procedure. While the fact that five years had elapsed from the time of filing the answer in the original action could be ascertained from the dates given, the relief demanded was predicated upon the express statement that there had been a failure to set the cause for trial within five years of the date of the *commencement* of the action; and no allegation was made that there had not been a written stipulation extending the time. In denying the motion on these previous applications the trial court stated no grounds for its rulings.

It does not affirmatively appear that leave to renew the motion was not given.

[7] Section 182 does not apply to the renewal of a motion refused for informality of the moving papers or proceedings, or in cases where leave to renew is given; and, in any event, does not go to the jurisdiction of the court to entertain a second motion. The penalty is provided by section 183 of the Code of Civil Procedure, and is punishment for contempt, and authority to the court to set aside an order obtained by a violation of the rule.

[8] In any event, the proper practice in the case of an unauthorized motion is to strike it from the files. (*People* v. *Center,* 61 Cal. 191.) In the matter before us the motion on which this proceeding is based was the first which stated sufficiently the grounds for dismissal under the five-year provision of section 583. It was heard on the merits. The grounds upon which the denial was made are not set out further than in the statement of the court according to the petition here that it "had no jurisdiction to grant the same." Respondent's answer alleges that the motion was denied on the ground, "among others," that prior motions had been made in violation of the provisions of section 182 of the Code of Civil Procedure.

In view of the obvious fact that this motion was heard on its merits, and the extreme vagueness of other details relating to the previous motions, we prefer to dispose of it upon its merits here.

As heretofore pointed out, there has been a clear and unjustifiable failure on the part of the plaintiffs to bring this pending action to trial within five years after answer filed, and the motion to dismiss should have been granted.

A peremptory writ of mandate requiring the superior court of the county of Napa, and the judge thereof, to enter an order dismissing said action as to these petitioners is granted.

Shaw, J., Wilbur, J., Shurtleff, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.