[Civ. No. 5047.    First Appellate District, Division Two.—November 15, 1924.]

RAINE EWELL, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents.

[1] DISMISSAL—LAPSE OF FIVE YEARS AFTER ANSWERS FILED—STIPU- LATION — JUDICIAL DETERMINATION — MANDAMUS.—A writ of man- date will not issue to compel the dismissal of actions not brought to trial within five years after answers filed, where a stipulation waiving laches on the part of either party in bringing the actions on for trial was before the lower court, the determination of the meaning, scope, and legal effect of such stipulation being a judicial determination with which the appellate court may not interfere in a *mandamus* proceeding.

(1) 38 C. J., p. 628, sec. 126.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco to dismiss actions not brought to trial within five years after answers filed. George H. Cabaniss, Judge. Writ denied.

The facts are stated in the opinion of the court.

Raine Ewell, *in pro. per.*, for Petitioner.

R. H. Cross for Respondents.

1. See 9 Cal. Jur. 543.

LANGDON, P. J.—The petitioner seeks a writ of mandate to compel the superior court in and for the city and county of San Francisco to dismiss two actions pending there, wherein the petitioner is defendant and appears as his own attorney. Motions to dismiss these actions were heard by the superior court and denied.

It appears on the face of the petition that a stipulation was entered into in each action that the cause might be dropped from the trial calendar to be set by either party upon notice, "and laches on the part of either party in bringing said action on for trial is hereby waived." The actions were originally filed in July, 1916. They were numbered 75,129, 75,130. The former was tried in the superior court, and the judgment, later, set aside and a new trial granted. It was not retried, however, and an amended complaint was filed in 1919, substituting the trustees of the Banner Motion Picture Company, which had forfeited its charter, as plaintiffs therein. An answer to the amended complaint was filed. The other action was never tried, but answer had been filed therein. The stipulations hereinbefore referred to were entered into by the parties on June 6, 1919. Nothing further was done until June 25, 1924, after the stipulations had been in force and effect for more than five years, when petitioner served the attorneys for the plaintiffs with notice of revocation of said stipulation. On July 18, 1924, petitioner served notice of motions to dismiss said actions under the provisions of section 583 of the Code of Civil Procedure, upon the ground that said actions had not been brought to trial within five years after the filing of the answers therein, said motions to be heard upon July 25, 1924. On July 19, 1924, the plaintiffs served notice that on July 25, 1924, they would move the court for an order setting the actions for trial. The hearing of all the motions was continued until August 15, 1924, when the motions to dismiss were denied upon the ground that the parties had entered into a written stipulation extending the time allowed under section 583 of the Code of Civil Procedure, and the actions were set for trial.

In the case of *People* v. *Pratt*, 28 Cal. 166 [87 Am. Dec. 110], a writ of mandate was sought to compel the dismissal of an action under a section of the Practice Act (Stats. 1850,

p. 428). It was said: "We do not think a *mandamus* will lie in this case. The real and substantial question presented for the decision of the court by the motion to dismiss was whether the defendant had set up a counterclaim against the plaintiffs upon which he was seeking affirmative relief. If he had not, the plaintiffs were undoubtedly entitled to the judgment which they asked, otherwise not. The solution of that question depended upon the judicial reading and construction of the defendant's answer and the stipulation between the parties, and the effect of the latter upon the former. It was claimed on the part of the plaintiffs, first, that the counterclaim made in the answer could not be legally made in the action; and, second, that the counterclaim had been withdrawn by the force and effect of the stipulation. Both of these propositions were denied by the defendant and in deciding them the judge acted judicially, not ministerially; and, having decided them according to the best of his ability, a *mandamus* does not lie to compel him to reverse his decision and render a    different one." In the case of *Anderson* v. *Superior Court*, 187 Cal. 95 [200 Pac. 693], which was a proceeding for a writ of mandate to compel the dismissal of the action under section 583 of the Code of Civil Procedure, it was conceded that an answer had been filed, that five years had elapsed, and that no stipulation in writing extending the time had ever been made. The court said: "As already pointed out, the requirement to dismiss after five years, in the absence of a stipulation in writing extending the time, is mandatory. There was no issue presented that the five years had not elapsed, or that there had been a stipulation made between the parties. If such an issue had been made and the court had found as a fact in that case that no answer had been filed, or that five years had not elapsed, or that there had been a written stipulation between the parties for an extension of time, it may be conceded that the decision of the court as to such facts could not be reviewed in this proceeding."

In said last cited case the court quotes from the case of *People* v. *Pratt, supra,* and says, referring to the Pratt case: "This is just such a case as we would have here if the trial court had denied a dismissal upon a showing and finding that a written stipulation extending time of trial had been made."

The court also in the Anderson case referred to the case of *People* v. *Superior Court,* 114 Cal. 466 [46 Pac. 383], in which a petition for writ of mandate was denied. In that case, a *quasi*-criminal proceeding, it was conceded that a verbal plea entered as an answer to the complaint was ineffective as an appearance. The trial court held the plea sufficient and refused an application to enter judgment against defendant. A writ of mandate was sought, and the supreme court said: "But whether or not his said plea of not guilty was a proper and sufficient plea is a question not here before us. That question was passed upon judicially by the court; and if it committed an error in deciding that question, such error cannot be reviewed on *mandamus.* The case is quite similar in principle to that of *People* v. *Pratt,* 28 Cal. 166."

In the Anderson case the court, referring to *People* v. *Superior Court, supra,* said: "If it had appeared in that case that no plea or answer at all had been made by the defendant, a question parallel to the one here might be presented."

[1] Likewise in the instant case, if it appeared that no stipulation extending the time had been entered into between the parties, and that the case was indisputably within the mandatory provisions of section 583 of the Code of Civil Procedure, the writ prayed for would be granted; but, it appearing that a stipulation had been signed by the parties, the determination of the meaning, scope and legal effect of the same was a judicial determination with which this court may not interfere in this proceeding, and arguments upon these matters are improperly made here in support of the application for the writ sought.

The petition for a writ of mandate is denied.

Nourse, J., and Sturtevant, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 12, 1925.

All the Justices concurred.