[Civ. No. 4776.   Third Appellate District.—September 28, 1932.]

M. B. CRUM, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY et al., Respondents.

Jesse W. Carter for Petitioner.

Baker & Ross for Respondents.

THOMPSON (R. L.), J.—This is a petition for a writ of *mandamus* to compel the dismissal of an action under the provisions of section 583 of the Code of Civil Procedure,

for failure, on the part of the plaintiff, to bring the cause to trial for more than five years after the issues are settled.

December 5, 1925, a complaint for an action in *assumpsit* was filed in the Superior Court of Shasta County. The case was entitled *Wiegel* v. *Crum*. March 12, 1926, the defendant's answer was filed. It is alleged that on November 5, 1926, by oral consent of counsel in open court, the cause was set for trial for March 28, 1927. It is conceded that no further stipulation for continuance of the cause was made. After numerous *ex parte* proceedings and orders made upon the court's own motion, to none of which the defendant appears to have consented, the cause was finally set for trial for October 3, 1932. On April 22, 1932, the defendant duly served and filed his motion under section 583 of the Code of Civil Procedure, to dismiss the action. This motion was heard by the court and denied on May 20, 1932. The present petition for a writ of *mandamus* was then presented to this court.

Section 583, *supra,* provides in part: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the same may be extended."

Under the circumstances of this case it became mandatory for the court to dismiss the action for the reason that more than five years elapsed without any written consent for a continuance on the part of the defendant before the cause was finally set for trial. (9 Cal. Jur. 543, sec. 30; *Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006].) It has been held that a stipulation which will suffice to extend the statutory time for bringing the cause to trial, must be reduced to writing and signed by the attorneys for the respective parties to the action. (*Perrin* v. *Miller,* 35 Cal. App. 129 [169 Pac. 426].) Since the stipulation of counsel to set the cause for trial for March 28, 1927, which was made in open court in the present case, did not purport to specifically extend the statutory five years in which the law requires a case to be brought to trial, it did not have the effect of waiving

the provisions of section 583, *supra*. (*Larkin* v. *Superior Court*, 171 Cal. 719 [154 Pac. 841].) █ Assuming, without so deciding, that the oral stipulation of counsel which was made November 5, 1926, in open court, to set the cause for trial for March 28, 1927, constituted a stipulation in writing conforming to the requirements of section 583, *supra*, with respect to the five-year limitation of time within which a case may be brought to trial, still, more than five years elapsed thereafter before it was finally set for trial. The oral stipulation which was made in open court extended the time for trial only to March 28, 1927. April 29, 1932, the defendant moved to dismiss the action for failure to bring it to trial within five years from the date of the filing of the answer. This was more than five years from the time when it may be said the defendant consented to a continuance of the time of trial, even though we deem that stipulation to have been made in writing, which we seriously doubt. Under a construction of the circumstances of this case most favorable to the respondent in this proceeding, it must be held that more than five years elapsed before the cause was finally set for trial, and that it was therefore mandatory for the trial court to grant the defendant's motion and dismiss the action.

Let the peremptory writ of *mandamus* issue requiring the respondent to dismiss the action as prayed for.

Plummer, J., and Preston, P. J., concurred.