[Civ. No. 10582. First Appellate District, Division One.—August 28, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Louis Ferrari, C. H. White, George D. Schilling, Kayes & Erskine and J. Benton Tulley for Petitioner.

J. Emmett Chapman and W. A. Lahanier for Respondent.

KNIGHT, J.—Petitioner moved the Superior Court to dismiss an action pending therein against it upon the ground that the action had not been brought to trial within five years after the complaint was filed. (Code Civ. Proc., sec. 583.) The motion was denied, and petitioner now seeks by this proceeding in *mandamus* to compel the dismissal thereof.

The action was in claim and delivery, instituted by Albert Couderc, on January 22, 1932, to recover corporate stock pledged with petitioner in October, 1929, by Couderc's father as collateral for loans made to him by petitioner. The answer was filed on April 7, 1932, and the cause was set to be tried on December 2, 1932, but at plaintiff's request and with petitioner's consent several postponements were granted. On October 22, 1932, the trial date was continued to December 8, 1932. On December 6, 1932, at the request of Couderc's then

counsel, the case was continued to the December 16, 1932, resetting calendar. On December 16, 1932, the said cause was set for trial for February 1, 1933. On December 30, 1932, the trial date was continued from Febuary 1, 1933, to February 15, 1933. But in the meantime and on January 24, 1933, plaintiff requested that the cause be dropped from the calendar. Petitioner's attorneys consented thereto, and on that date mailed a letter to the attorneys then representing plaintiff reading as follows: ''Pursuant to our conversation this morning, it is agreeable to the defendant that you have the case in question stricken from the calendar, to be reset at a future date and time agreeable to yourselves, and that the striking of the case from the calendar pending the resetting of it for trial, shall not, and does not, operate to your prejudice and disadvantage in any respect so far as this defendant is concerned.'' Nothing further was done in the matter until February 26, 1937, when petitioner served its notice of motion to dismiss; and on March 17, 1937, the motion was heard and denied. Thereupon, Couderc's present attorneys proceeded to have the cause set for trial and entered into negotiations with petitioner's attorneys to take the deposition of the bank's employees and to obtain certain data from the bank's records. Such negotiations continued for two months or more, and were then terminated by the institution of this proceeding on June 12, 1937.

Section 583 of the Code of Civil Procedure declares that '' . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended . . . '' As contended by petitioner, the provisions of the foregoing section are mandatory, and in order to take a case out of the operation thereof the stipulation provided for in the exception must be in writing and it must clearly and definitely appear therefrom that the statutory time was deliberately intended to be extended by both parties. (*Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006].) · ·But with respect to the enforcement of the provisions of said section 583, it seems to be well settled that it is only where there is no written stipulation and the case

falls indisputably within the mandatory provisions of said section that a defendant may proceed by way of *mandamus* to compel the dismissal of the action; and that if, on the other hand, it appears that there is a written stipulation, the terms of which may be reasonably construed as a waiver of the right to invoke the provisions of said code section, the trial court's decision, on motion to dismiss, as to the meaning, scope and effect of such stipulation, constitutes a judicial determination which may not be disturbed by the reviewing courts in a *mandamus* proceeding instituted for such purpose. (*Ewell* v. *Superior Court,* 69 Cal. App. 629 [232 Pac. 153].) In other words, as said by the Supreme Court in the case of *Charles L. Donohoe Co.* v. *Superior Court,* 202 Cal. 15 [258 Pac. 1094, 1095] : ''It is only when there is an entire absence of any showing constituting good cause presented in the superior court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue. (Citing authorities.)''

In the present case the trial court in the exercise of its discretionary power to pass upon the merits of the motion to dismiss, construed the letter of January 24, 1933, as a waiver of the right to invoke the provisions of section 583, and obviously the terms of said letter support such construction. As will be noted therefrom, the attorneys for petitioner agreed that the striking of the case from the calendar ''shall not, and does not, operate to your (the plaintiff's) prejudice and disadvantage *in any respect* so far as this defendant is concerned'' (italics ours) ; and it would seem, therefore, that since the only prejudice or disadvantage which might accrue to the plaintiff on account of the indefinite dislodgment of the case from the trial calendar would be the running of the five-year period mentioned in said section 583, the trial court was fully justified in construing the language used as having no other meaning than that petitioner would not invoke the provisions of said code section. There is no essential difference, in our opinion, between the meaning of the stipulation upheld in *Ewell* v. *Superior Court, supra,* and the import of the language here used. There it was provided that the case be dropped from the calendar and that ''laches on the part of either party in bringing said action on for trial is hereby waived''; and here it was agreed that the dropping of the

case from the calendar "shall not, and does not, operate to your prejudice and disadvantage in any respect so far as this defendant is concerned". In any event, the general rule is that where, as here, the construction given an instrument by the trial court appears to be consistent with the true intent of the parties, the appellate court will not substitute another interpretation, though it seems equally tenable. (*Kautz* v. *Zurich Gen. A. & L. Ins. Co.,* 212 Cal. 576, 582 [300 Pac. 34].)

Nor have we found anything in the cases cited by petitioner in support of the application herein which can be deemed as controlling in the present situation. In some of them, there was no written stipulation at all. (*Miller & Lux Inc.* v. *Superior Court, supra; Andersen* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963]; *Crum* v. *Superior Court,* 126 Cal. App. 471 [14 Pac. (2d) 785].) Others involved merely the retrospective effect of the 1933 amendment to said section 583, which changed the starting time for the running of the five-year period from the date of the filing of the answer to the date of the filing of the complaint. (*Rosefield Packing Co.* v. *Superior Court,* 4 Cal. (2d) 120 [47 Pac. (2d) 716]; *Miami Valley C. P. Co.* v. *Pacific Nat. Bank,* 13 Cal. App. (2d) 621 [57 Pac. (2d) 233]; *Superior Oil Co.* v. *Superior Court,* 6 Cal. (2d) 113 [56 Pac. (2d) 950].) The point decided in *Mercantile Investment Co.* v. *Superior Court,* 218 Cal. 770 [25 Pac. (2d) 12], was that a written stipulation consenting to the filing of a third amended complaint had the effect of starting the running of the statute anew from the date of such filing. And in *Prudential Ins. Co.* v. *Superior Court,* 117 Cal. App. 528 [4 Pac. (2d) 294], *Sedarovich* v. *Paul,* 16 Cal. App. (2d) 452 [60 Pac. (2d) 871], *Central Pac. R. R. Co.* v. *Riley,* 31 Cal. App. 394 [160 Pac. 844], *Barry* v. *Learner,* 113 Cal. App. 651 [299 Pac. 82], and *Pacific States Corp.* v. *Grant,* 87 Cal. App. 108 [261 Pac. 1100], the written instruments relied on as stipulations did not go beyond the point of consenting to the dropping of the cases from the calendar to be reset on notice, and contained no agreement, as here, that such dislodgment should not "in any respect" operate to the prejudice or disadvantage of the plaintiff.

The writ is denied and the proceeding is dismissed.

Tyler, P. J., and Cashin, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 25, 1937.