[Civ. No. 1929.   First Appellate District.—September 13, 1916.]

CENTRAL PACIFIC RAILROAD COMPANY (a Corporation), Appellant, v. EUGENE RILEY (now Deceased, and for Whom has Been Substituted Daniel E. Riley, as Administrator, etc.), Respondent.

DISMISSAL OF ACTION—FAILURE TO PROSECUTE WITH DUE DILIGENCE—STIPULATION DROPPING CASE FROM CALENDAR—ACTION PROPERLY DISMISSED.—An action at issue for over seventeen years and not in the meantime brought to trial, is properly dismissed under the provisions of section 583 of the Code of Civil Procedure for failure to prosecute with due diligence, although the parties sixteen years previous to the service of the notice of the motion to dismiss entered into a stipulation that the action be dropped from the calendar to be reset upon notice.

APPEAL from an order of the Superior Court of Alameda County dismissing an action for lack of prosecution. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, Tom M. Bradley, and Harry E. Leach, for Appellant.

Powell & Dow, for Respondent.

THE COURT.—This is an appeal from an order dismissing an action for lack of prosecution.

The action was commenced in January, 1896, and in March, 1897, the answer of the defendant was filed. After the cause had thus been at issue for over seventeen years and not having been in the meantime brought to trial, the same on motion of the defendant was dismissed for failure to prosecute the same with due diligence.

Section 583 of the Code of Civil Procedure provides that: "Any action heretofore or hereafter commenced shall be dismissed . . . on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended,"—and the

making of an order of dismissal, after the expiration of the five-year period, is mandatory upon the court (*Romero* v. *Snyder*, 167 Cal. 216, [138 Pac. 1002]).

The defendant asserts that a stipulation entered into by the parties sixteen years before the notice of motion to dismiss was served relieved it of the necessity of bringing the action to trial within the five years. The stipulation is as follows:

"It is hereby stipulated that the trial of the above entitled action be, and the same is hereby continued, to be dropped from the calendar, to be reset on notice, subject to the discretion of the court, and a trial by jury is hereby waived." Dated April 13, A. D. 1898.

Under the terms of the stipulation the case was dropped from the calendar, to be reset upon notice, and it was in exactly the same position it occupied prior to the time when it was set, and subject therefore to the provisions of section 583 of the Code of Civil Procedure, above set out. There is nothing in the stipulation which can fairly be construed as taking the case out of the operation of the terms of that section. After the case was dropped from the calendar according to the stipulation, it was still the duty of the plaintiff to see that the case was brought to trial. (*Kubli* v. *Hawkett*, 89 Cal. 638, [27 Pac. 67]; *Mowry* v. *Weisenborn*, 137 Cal. 110, [69 Pac. 971].)

The order is affirmed.