[Civ. No. 5082. Fourth Dist. Mar. 2, 1955.]

J. M. HASTINGS, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent.

Harmon C. Brown for Petitioner.

Jerome L. Richardson for Respondent.

THE COURT.—The showing made by petitioner is that on August 2, 1949, an action was filed in the Superior Court of Riverside County entitled *George H. Gobruegge* v. *J. M. Hastings*. About October 19, 1949, an answer and cross-complaint were filed. Counsel for plaintiff subsequently filed a memorandum moving to set the cause for trial, and it was subsequently set for September 2, 1953, but it was not then tried. On that date it was continued by a written stipulation of the parties agreeing "that the above-entitled action, set for trial September 2d, 1953, be reset for some convenient date, due to conflict of litigation on the part of both attorneys." Apparently no endeavor was made subsequently to set the case for trial by either party. On September 7, 1954, more than five years after the action was filed, defendant and cross-complainant filed a notice of motion to dismiss the action under

section 583 of the Code of Civil Procedure, upon the ground that it had not been brought to trial within five years after the filing of the complaint.

On November 12, 1954, the respondent court made its order denying said motion "provided that, within 20 days hereof, the plaintiff file a memo of motion to set cause for trial." On November 19, 1954, plaintiff filed such a memorandum and the court set January 20, 1955, as the time for trial. This writ is sought to prevent any further proceedings upon the grounds stated in said action except to dismiss the same upon the grounds stated.

In opposition to the motion in the trial court plaintiff claimed that ever since the action was filed counsel for the respective parties had numerous negotiations to settle the action out of court and that it would be unjust and inequitable to grant the motion. There is no contention that during the entire period the parties and their counsel were absent from the state or that they concealed themselves therein. In opposition to this writ, respondent now contends that the order of the trial court should be sustained since there was a written stipulation filed extending the time for trial; that five years had not expired from the date of filing the action to the date of trial because the court actually set the case for trial on September 2, 1953, within that period; that plaintiff was prevented from setting the case for trial for causes beyond his control; that the continuance of the date of trial from September 2, 1953, was at the specific request of defendant and he should be estopped from taking unfair advantage of his own acts.

It is petitioner's contention that the section is mandatory and that if the five-year period has elapsed from the date of filing, no discretion is vested in the trial court but to dismiss the action; that the setting of the case for trial and the written stipulation involved constituted no exception within the meaning of that section.

█ The authorities are clear that the five-year provision of section 583 of the Code of Civil Procedure relating to dismissals of actions not brought to trial within five years is mandatory when it is applicable. █ However, it has been held that an implied exception exists when plaintiff is prevented by causes beyond his control from bringing the case to trial. The facts related do not bring plaintiff within this exception. █ Apparently the stipulation extending time of trial to another date was secured at the instance of plaintiff's attorney.

The stipulation that followed was by agreement of the respective parties and it was therein stated that the continuance was sought due to conflict of litigation on the part of both attorneys. No estoppel sufficient to avoid the effect of the statute is indicated. (*Anderson* v. *City of San Diego,* 118 Cal. App.2d 726 [258 P.2d 842]; *City of Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 P. 79]; 19 West's Cal. Dig., p. 20, § 45.) ■ The fact that the case was once *set* for trial within the five-year period and then dropped from the trial calendar does not toll the five-year period within which the action must be *brought* to trial. (*Boyd* v. *Southern Pac. Co.,* 185 Cal. 344 [197 P. 58]; *Central Pac. R. Co.* v. *Riley,* 31 Cal.App. 394 [160 P. 844]; 16 Cal.Jur.2d 192, § 35.)

■ The only remaining question involves the construction of the written stipulation. The written stipulation referred to in the five-year statute means a written stipulation extending the time for trial beyond the statutory period of five years. (*Rosenfelt* v. *Scholtz,* 17 Cal.App.2d 443 [62 P.2d 381]; *City of Los Angeles* v. *Superior Court, supra; Central Pac. R. Co.* v. *Riley, supra.*)

■ The written stipulation here under discussion does not indicate from its terms that it was the intention of the parties that the time of trial should be extended beyond the five-year period, and there is no showing in the record that it was so intended by the parties. In fact the intended date of trial, at that time, was to be the next month or two from the date of the written stipulation. The stipulation was that the time of trial ''be reset for some convenient date.'' According to the letters passing between the parties, leading up to the written stipulation, plaintiff's attorney wrote defendant's attorney that on September 2d he was unable to try the case on that date because he had another case set and he was unable to reach his client. Counsel for defendant replied that he spoke to the judge and requested another date and asked plaintiff's counsel ''when in October or November'' a convenient date would be for him to go to trial.

The cases relied upon by plaintiff, such as *Bank of America* v. *Superior Court,* 22 Cal.App.2d 450 [71 P.2d 296]; and *Charles L. Donohoe Co.* v. *Superior Court,* 202 Cal. 15 [258 P. 1094], are factually distinguishable.

Writ granted.

A petition for a rehearing was denied March 17, 1955.