[Civ. No. 9003.   Third Dist.   July 2, 1956.]

CONTINENTAL PACIFIC LINES (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF SOLANO COUNTY, Respondent; MARY E. KREPPS, Real Party in Interest.

[Civ. No. 9004.   Third Dist.   July 2, 1956.]

WEST COAST BUS LINES, LTD. (a Corporation), Petitioner, v. SUPERIOR COURT OF SOLANO COUNTY, Respondent; ELMA J. BRYANT et al., Real Parties in Interest.

*Assigned by Chairman of Judicial Council.

Theodore Tamba for Petitioners.

No appearance for Respondent.

Ernest E. Emmons, Jr., for Real Parties in Interest.

VAN DYKE, P. J.—Two actions were begun in the respondent court, in each of which the plaintiffs sought to recover damages for personal injuries alleged to have been negligently

inflicted. The actions were consolidated for trial. In each certain defendants moved for dismissal under section 583 of the Code of Civil Procedure, the statute which requires trial within five years from the date an action is begun. Respondent court denied both motions, and the moving parties have petitioned this court for a writ of mandate directing the respondent court to dismiss the actions. Both petitions have been presented together, and a single opinion will suffice to dispose of the issues presented by each. The facts in each case will be presented under the rule that we must here adopt that view of the facts most favorable to the ruling of the trial court.

In *Continental Pac. Lines* v. *Superior Court,* Mary E. Krepps, real party, the following appears from the record: Real party began her action on September 26, 1950. She alleged both corporations, Continental Pacific Lines and West Coast Bus Lines, Ltd., were, on the occasion of her injuries, operating a bus in which she was a passenger and which was driven by their employee. She alleged the accident to have been caused by the concurring negligence of the bus driver and a Leonard Hammond, who was driving an automobile owned by one Frank Evans. She joined the bus driver, Hammond, and Evans as defendants. Petitioners answered the complaint on October 10, 1950. They admitted that Mary Krepps was a passenger for hire in a bus owned and operated by them. The cause was set for trial in April of 1953, but before that date real party's attorneys (not her present counsel) asked that the case be dropped from the calendar. Petitioners' attorney, Theodore Tamba, at that time wrote to the clerk of the court as follows: ''This will serve to confirm statement made by . . . one of the attorneys for the plaintiff. . . . In accordance with his suggestion, I would stipulate that the trial date be vacated, to be reset on stipulation or on request of either party hereafter.'' The cause was dropped from the trial calendar, and on September 16, 1955, a trial date was again asked. Petitioners then filed a demand for a jury trial. On October 26, 1955, more than five years after the action had been commenced, petitioners filed a motion to dismiss because the cause had not been brought to trial within five years. In support of their motion they filed affidavits in which they stated they had been ready to proceed to trial at all times after issue joined. It is not contended they ever at any time requested any continuance or requested that trial be postponed. From counteraffidavits the following

substantially appears: When the complaint was filed, plaintiff and her attorneys did not know the name of the bus driver. The attorneys intended to take his deposition as a material witness. We quote the following from an affidavit made by plaintiff's present counsel: "That by correspondence with and the oral representation of the said Theodore Tamba, attorney for said defendant bus company, said attorney represented to plaintiff's attorneys that Frank Reprey, bus driver, resided outside the state of California, and that the defendant West Coast Trailways refused to permit him to return to California for the purpose of service on him of copies of Summons and Complaint or of a subpoena to take his deposition." The affiant further averred that as a result of the bus driver's being outside the state and of "the refusal by said attorney to produce said defendant in this state," service of summons and complaint on him, and service of subpoena to take his deposition before trial was "impossible and plaintiff was thereby prevented from serving him or taking his deposition." It was made to appear that the defendant bus driver was a material witness to the accident. The affiant made reference to the proceedings in the companion case (counsel for plaintiff were the same in each case), and asserted that they had been compelled to drop the companion case from the trial calendar because of their inability to obtain service of process on the bus driver. The affiant averred: "[T]hat as a result, it would have been a useless task for plaintiff herein to file a memorandum to set the case for trial; that efforts were continuously made to ascertain the whereabouts of the said defendant Frank Reprey [the bus driver] *from Theodore Tamba*, attorney for defendant West Coast Trailways, without success." (Emphasis added.) The affiant further averred that despite the absence of the bus driver and the continued refusal of defendant and its counsel to produce the bus driver for service of process and for the taking of his deposition, the affiant filed a memorandum to set the action for trial on September 16, 1955, asking for trial by the court, whereupon the defendants, through their attorney, "knowing that the delay in the jury calendar would be greatest in getting the case to trial," made demand for a jury. Affiant then averred that the other two defendants, Hammond and Evans, since shortly after filing their answers, had been continuously residing outside the state, had continuously evaded service of process upon them; and that plaintiff had diligently sought for three years past to effect service of summons and complaint

and of subpoenas for the taking of their depositions without success, "for the reason that said defendants reside outside the state of California and cannot be found within this state." Attorney Tamba by a counteraffidavit denied that he had at any time told attorneys for plaintiffs that the defendants for whom he appeared had refused to permit the driver of the bus to come to California for the purpose of having his deposition taken or otherwise. Here, of course, we must accept the version presented in the affidavit of the plaintiff in the action in opposition to the motion to dismiss, noting, however, what appears of record to be the case, that Mr. Tamba was not the attorney of record for the bus driver.

In the companion case begun by real parties Elma J. Bryant and Lynwood O. Johnson, an infant by his guardian ad litem, much the same showing was made in opposition to the motion to dismiss as hereinbefore related in case of Mary E. Krepps. There were the same allegations of representation by Mr. Tamba as to the bus driver's residence without the state and of the "refusal" to permit him to return. There was the same claim that the plaintiffs in the action had been unable to take the deposition of the bus driver. There was the same claim that by what they had done the defendants and their attorney had "prevented" the taking of that deposition or the service on the bus driver of summons and complaint. It was averred that a memorandum to set for trial had been filed on August 16, 1951, and that the trial had been set for November 26, 1951, but "because said defendant bus driver had not been served or his deposition taken, said action was dropped from the calendar to be reset by the filing of a new memorandum to set"; and the affiant declared that "in the light of the absence of said defendant bus driver and the continual refusal . . . to produce him for service of summons and complaint or the taking of his deposition," the affiant had filed a memorandum to set the cause for trial on September 16, 1955, asking for a court trial; that a demand for jury had then been made by the defendants; that the bus driver had not been represented by an attorney in the action; and that the defendants Hammond and Evans, though appearing, had appeared in propria persona; that all three defendants had been absent from the state for more than three years prior to the date of the affidavit, and it was averred that "although plaintiff has during such period diligently sought to locate them through investigators and continued requests made to

Theodore Tamba, attorney for defendant West Coast Trailways,'' it had all been without success.

Section 583 of the Code of Civil Procedure provides that: ''. . . Any action . . . shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to the plaintiff and not discoverable . . . upon due diligence, in which event said period of absence or concealment shall not be a part of said five year period.''

█ The statute is mandatory where applicable. (*Andersen* v. *Superior Court*, 187 Cal. 95, 97 [200 P. 963].) █ Its purpose is to prevent avoidable delay for too long a period and it is not designed arbitrarily to close the proceedings at all events in five years since it permits the parties to extend the period without limitation by written stipulation. (*Christin* v. *Superior Court*, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) █ It is settled case law that in applying the statute, the time during which, for all practical purposes, going to trial would be impracticable and futile is to be disregarded. The Supreme Court said in *Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 65 [168 P.2d 665]:

''The superior court action with which we are concerned was filed January 29, 1940; the motion to dismiss was made on February 21, 1945, twenty-three days after the completion of the calendar five-year period; this petition for a writ of mandate was filed March 27, 1945, fifty-seven days after completion of the calendar five-year period. The sole question necessary for us to determine is whether petitioners have established that the evidence before the trial court on the motion to dismiss was as a matter of law insufficient to sustain its implied finding that for more than twenty-three days of the calendar five-year period, it was 'impossible,' or 'impracticable and futile' either in an objective sense or 'due to excessive and unreasonable difficulty or expense,' to proceed to trial.'' (See also *Judson* v. *Superior Court*, 21 Cal.2d 11, 14 [129 P.2d 361], and *Westphal* v. *Westphal*, 61 Cal.App.2d 544, 550 [143 P.2d 405].)

We think it should be said that the quotation taken from the opinion in *Pacific Greyhound Lines* v. *Superior Court*, *supra*, cannot be taken from context and considered literally.

If that were done, then there would have to be eliminated from the five-year calendar period the time necessary for service of process, settlement of the pleadings and the time when the parties were waiting for a trial date, for during those times it is, of course, impossible, impracticable and futile to proceed to trial. Before the statute was cast in its present form the five years began running when the answers had been filed. It was amended to measure the five years from the beginning of the action, and it was intended that the five years allowed should be considered sufficient to afford fair opportunity to bring a cause to trial, even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; but the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period. (*Breakstone* v. *Giannini,* 70 Cal.App.2d 224 [160 P.2d 887] ; *Berri* v. *Superior Court,** (Cal.App.) 267 P.2d 865.) Under the old form of the section the filing of an amended complaint was held not to prolong the time when the action might be brought to trial. (*Anderson* v. *City of San Diego,* 118 Cal.App.2d 726 [258 P.2d 842].) And in *De Roode* v. *County of Placer,* 112 Cal. App.2d 859 [247 P.2d 390], it was held that the five-year period prescribed commenced to run from the filing of the original complaint and not from the filing of a subsequent amended complaint. It was held in *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17], that the time within the five calendar year period consumed by a reference was to be excluded. Said the court in that case at page 916:

"The complaint was filed on September 23, 1937, and the trial was not commenced until May 18, 1944. A dismissal is made mandatory by section 583 of the Code of Civil Procedure, except in certain cases, unless the action is brought to trial within five years after the plaintiff has filed his action. It is settled, however, that in computing the five-year period the time during which, 'for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile,' is to be excluded.

*A hearing was granted by the Supreme Court on May 6, 1954. The final opinion of that court is reported in 43 Cal.2d 856 [279 P.2d 8].

(*Christin* v. *Superior Court*, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153] [time consumed by appeal from order granting change of venue]; *Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 64 [168 P.2d 665] [time during which one defendant was in military service and stay might have been granted]; *Judson* v. *Superior Court*, 21 Cal.2d 11, 14 [129 P.2d 361] [time defendant avoided service of summons by evasion and concealment]; *Westphal* v. *Westphal*, 61 Cal. App.2d 544 [143 P.2d 405] [time during which coplaintiff had an appeal pending].)

''The order of reference was made on February 8, 1939; the referee's report was filed on July 16, 1943, and, thereafter, respondents proceeded with reasonable dispatch to bring the cause to trial. The issues to be tried were dependent to a great extent upon the facts to be ascertained by the referee, and it would have been impracticable, if not futile, to proceed to trial prior to the completion of the report. It follows that the time consumed by the reference should be excluded in computing the five-year period, and that, therefore, the action was not subject to dismissal under the provisions of section 583.

. . . . . . . . . . . . .

''Every recent major water law decision of this court has expressly or impliedly approved the reference procedure provided by section 24 [Water Commission Act] and has recommended, in view of the complexity of the factual issues in water cases and the great public interest involved, that the trial courts seek the aid of the expert advice and assistance provided for in that section.''

We quote the following from the *Rose* v. *Knapp* case, 38 Cal.2d 114, 117 [237 P.2d 981]:

''The provision of section 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, but it is subject to implied exceptions. As stated in *Christin* v. *Superior Court*, 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], 'The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years . . .' and one exception has been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.'

(See also *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal. 2d 61, 67-68 [168 P.2d 665] ; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 916-917 [207 P.2d 17] ; *Judson* v. *Superior Court,* 21 Cal.2d 11, 14 [129 P.2d 361] ; *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405].)   What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case.''

██   It has been established by case law that each defendant requiring dismissal must ask it of the superior court and that a defendant so asking is entitled to have his right to dismissal determined as to himself alone (*Larkin* v. *Superior Court,* 171 Cal. 719, 726-727 [154 P. 841, Ann.Cas. 1917D 670] ; *Bank of America* v. *Superior Court,* 15 Cal.App.2d 279, 280 [59 P.2d 461] ; *Dowling* v. *Superior Court,* 122 Cal.App. 443, 445 [10 P.2d 197] (decided under the previous form of the statute)).

The trial court stated in a memorandum that it based its decision in part on the letter of Mr. Tamba and upon other features of the court files.   As to this latter ground it was stipulated during oral argument that the files of the superior court which were not brought to this court did not contain any information necessary to our decision which this record does not place before us.

As to the letter of Mr. Tamba it cannot be construed as stipulating for an extension beyond the five years allowed by the statute.   ██   No extension made within the five-year period and which does not extend or cannot be reasonably construed to extend the time for trial beyond the five-year period is capable of extending the period.   ██   The written stipulation referred to in the five-year statute means a written stipulation extending the time for trial beyond the statutory period.   (*Hastings* v. *Superior Court,* 131 Cal.App.2d 255, 258 [280 P.2d 74].) The stipulation contained in Mr. Tamba's letter is not material here.   ██   Notwithstanding the stipulation dropping the case from the calendar, plaintiffs were still required to see that their actions were timely brought to trial.   (*Prudential Ins. Co. of America* v. *Superior Court,* 117 Cal.App. 528 [4 P.2d 294].)   In *Central Pac. R. Co.* v. *Riley,* 31 Cal.App. 394 [160 P. 844], it was held that a stipulation that a case be continued to be dropped from the calendar to be reset on notice did not take a case out of the operation of the statute.

██   It is obvious as to each of the two cases that it has at all times been possible to proceed to trial without the

testimony of the missing bus driver, for it was admitted in each case that the plaintiffs were passengers for hire in a bus operated by the petitioners and being driven by their employee. It certainly was possible to proceed to trial under such circumstances for the doctrine of res ipsa loquitur would cast upon petitioners the burden of overcoming the inference that the accident was caused by the negligence of the bus driver. But was it in the objective sense impracticable or futile to proceed to trial? To answer this question we must consider the situation of the plaintiffs as presented by the record, and herein it is significant that petitioners were not under any duty to produce the bus driver or to "permit" him to testify. (*McEwen* v. *New York Life Ins. Co.,* 187 Cal. 144 [201 P. 577] ; *Lawyer* v. *Los Angeles Pac. Co.,* 23 Cal.App. 543 [138 P. 920].) It was aptly said in *Oberkotter* v. *Spreckels,* 64 Cal.App. 470, 473 [221 P. 698] :

". . . [A]ppellant is mistaken in assuming that a defendant must seek to have the action set for trial before he can move its dismissal for want of diligent prosecution. The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step. . . ."

There is nothing in the affidavits that will warrant holding the petitioners to have been guilty of preventing the taking of the driver's deposition. The sum of the showing is that plaintiffs' counsel took the position it was the duty of the petitioners and their counsel to cooperate in preparing the case for trial for the benefit of the plaintiffs. As has been said in another aspect of duty to proceed, it is easier to sit in the shade twisting someone else's arm than it is to get out in the hot sun and dig up the evidence. It appears that the residence address of the bus driver was contained in the report of the highway patrol. A deposition of the managing agent of the petitioners could have been made the vehicle of accurate inquiry insofar as the petitioners had knowledge of the whereabouts of the bus driver. Plaintiffs do assert that they hired an investigator, but they do not explain why in so simple a matter these obvious steps were not taken. In any

event it was not incumbent upon the petitioners to do more than to prepare themselves for trial, and this they aver without contradiction they did, thus rendering themselves ready and willing to go to trial years before the plaintiffs' counsel bestirred themselves. Indeed, it appears that present counsel has been associated with the cases only within the last year or two, and, of course, he could not explain why these matters had not been attended to earlier, and he makes no attempt either to do that or to present affidavits of counsel who were in the case in the earlier years, showing some excuse why, as to petitioners, the matter was not prepared for trial and tried. What we have said also disposes of the claim made by real parties in interest that the petitioners are estopped to ask the dismissal of the action. Before estoppel can arise here there must have been a duty to act and a failure to act in accordance with the duty; some act in the nature of prevention. Considering the whole record in the light most favorable to real parties, we hold that no excuse was shown why the causes have not long before been brought to trial, nor has any proof been made of any period of time when there existed circumstances justifying the exclusion of any period of time from the statutory five-year period.

Let peremptory writs issue commanding the respondent court to dismiss the actions as to petitioners.

Schottky, J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.