Filed 7/24/25  Berney Law Corp. v. Superior Court CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| BERNEY LAW CORPORATION et al.,<br><br>　　　　　　　Petitioners,<br><br>　　v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>　　　　　　　Respondent.<br>——————————————<br>ROBERT G. BARTLETT,<br><br>　　Real Party in Interest. | B339580<br><br>(Los Angeles County Super. Ct. No. BC669520) |

ORIGINAL PROCEEDNGS in mandate from an order of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Petition granted.

Kozberg & Bodell and Gregory Bodell; Russell Berney for Petitioners.

No appearance for Respondent.

Samoska Law Firm and William Samoska for Real Party in Interest Robert G. Bartlett.

_____

## INTRODUCTION

This matter arose from an attorney fee dispute that resulted in a 2017 lawsuit filed by petitioners Berney Law Corporation and Russell Berney (collectively, Berney) against their former client, real party in interest Robert G. Bartlett. Bartlett filed a cross-complaint against Berney, also in 2017.  The parties stipulated to extend the statutory period for bringing the action to trial to February 29, 2024.  (Code Civ. Proc., §§ 583.310, 583.330.)[1]  Trial did not commence by the stipulated deadline.  In March 2024, Berney dismissed his complaint against Bartlett and filed a motion to dismiss Bartlett's cross-complaint for failure to prosecute pursuant to section 583.360.  The superior court denied Berney's motion to dismiss.  Berney filed a petition for writ of mandate in this court seeking an order directing the superior court to vacate its order denying Berney's motion to dismiss and to enter an order dismissing Bartlett's cross-complaint.  We now grant the petition.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

# PROCEDURAL BACKGROUND

A.  *Berney's Complaint and Bartlett's Cross-complaint*

Bartlett retained Berney to represent him in two matters. On July 31, 2017, Berney sued Bartlett for declaratory relief and restitution, contending he was owed fees for his services. Two months later, Bartlett filed a cross-complaint alleging Berney offered to represent Bartlett in one matter "free of charge" and agreed to receive no fee in another matter because a motion to dismiss was granted in the case. According to Bartlett, Berney was not entitled to any fees under those agreements. From 2017 to 2022, Berney filed multiple demurrers and motions to strike Bartlett's cross-complaint. By July 7, 2022, Bartlett had filed a fourth amended cross-complaint, which alleged one cause of action for elder abuse, two causes of action for declaratory relief, and five causes of action for breach of fiduciary duty. Berney timely filed an answer to the fourth amended cross-complaint.

In 2022, Bartlett fell ill and, as the sole percipient witness, was unable to help his attorney prepare the case for trial.[2] On April 17, 2023, Berney filed a motion to dismiss for failure to prosecute, arguing Bartlett was required to bring the action to trial by March 6, 2023 (which included six months of additional

---

[2]     Bartlett does not assert this period of illness (approximately 46 days) tolled the section 583.310 deadline beyond February 29, 2024, the date on which the parties stipulated the action would be brought to trial. The record shows that on December 26, 2022, Bartlett requested trial be continued and submitted a note from his doctor stating Bartlett required medical treatment beginning on or about December 19, 2022, and ending approximately on February 3, 2023.

time due to emergency orders issued in response to COVID-19).[3] The superior court denied the motion on May 5, 2023, reasoning it had tolled the time to bring the action to trial due to Bartlett's illness. On the day of the hearing, the parties stipulated to continue the trial and extend the time to bring their claims to trial on February 29, 2024. On November 14, 2023, Bartlett's counsel advised the court that Bartlett had recovered sufficiently to participate in the trial scheduled for January 16, 2024.[4]

In December 2023, although Berney had answered the fourth amended cross-complaint, Berney filed a motion for judgment on the pleadings, arguing Bartlett failed to state a cause of action for elder abuse (first cause of action) and for breach of fiduciary duty (seventh cause of action). Berney asked the court to advance the hearing date on his motion to January 16, 2024, the first day of trial. The court advanced the hearing date on the motion for judgment on the pleadings and set a new trial date of February 1, 2024. The court granted Berney's motion for judgment on the pleadings and gave Bartlett 20 days to file a fifth amended cross-complaint. It also vacated the February 29, 2024 trial date.

---

[3]	In 2020, the Judicial Council issued Emergency Rule 10(a), which provides: "'Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total [time] of five years and six months.'" (See *Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 246.)

[4]	Bartlett does not contend his illness extended the stipulated deadline by 11 months (December 2022 to November 2023).

4

On February 5, 2024, the parties appeared for a trial setting conference but were informed Judge Mel Recana, who had presided over the litigation to that point, could not be on the bench and would not return until April 19, 2024. On February 10, 2024, Bartlett filed a fifth amended cross-complaint, again alleging eight causes of action for elder abuse, declaratory relief, and breach of fiduciary duty. Berney had 30 days from the February 10, 2024 filing of the amended cross-complaint to file a responsive pleading.[5] (See § 430.40, subd. (a).) On February 15, 2024, Bartlett filed an ex parte application for an order setting a trial date before February 29, 2024, or a finding that commencing trial before the expiration date was impossible, impracticable, or futile. The ex parte application was denied on the ground Bartlett failed to make an affirmative factual showing for ex parte relief under California Rules of Court, rule 3.1202.

On February 20, 2024, nine days before the expiration of the time to bring the action to trial, the parties appeared before Judge Rolf Treu for another trial setting conference. Bartlett's counsel raised the issue of the expiration of the five-year deadline with the court but "had to acknowledge that the case was not at issue because [Berney] had not filed an answer to Bartlett's Amended Cross-Complaint." As a result, the court did not set a trial date and on its own motion continued the trial setting conference to March 22, 2024.

On March 29, 2024, approximately one month after the parties' stipulated deadline to bring the case to trial, Berney filed a second motion to dismiss the cross-complaint, arguing dismissal

---

[5] Berney subsequently demurred to the fifth amended cross-complaint. It does not appear the court has yet ruled on the demurrer.

was mandatory under section 583.360 because the period by which to bring Bartlett's claims to trial had expired. The court issued a tentative ruling denying the motion to dismiss. Among other things, the court determined the complaint and cross-complaint presented interrelated issues. The day of the hearing on the motion to dismiss, Berney filed a request for dismissal without prejudice of his own complaint against Bartlett.

After hearing argument from the parties, the court denied the motion to dismiss Bartlett's cross-complaint, finding "Bartlett had been diligent in prosecuting his cross-action, it was impracticable to bring the cross-action to trial based on cross-defendants' tactics near the time of trial, and the two actions should be concurrently resolved at trial." The court further indicated in its statement of decision that the timing of Berney's motion for judgment on the pleadings was "suspect" because the fourth amended cross-complaint was filed on July 7, 2022, yet Berney "chose to wait until December 18, 2023 to challenge those pleadings." The court further found, "It suggests that the cross-defendants tactically chose this timing to disrupt Bartlett's ability to proceed with trial." The superior court acknowledged Bartlett could have proceeded to trial on the remaining six causes of action and appealed the motion on the judgment on the pleadings after trial but he instead chose to file an amended cross-complaint. The court determined leave to amend had been appropriate, so it was "not inherently unreasonable for Bartlett to choose to amend his pleadings." Although the court was informed of Berney's pending request for dismissal at the hearing, the court did not revise its statement of decision to reflect the dismissal of Berney's complaint. The clerk processed

6

and dismissed Berney's complaint on June 11, 2024, the day after the hearing.

B.    *Writ Proceedings*

Berney filed a petition for writ of mandate in this court challenging the superior court's order denying his motion to dismiss Barlett's fifth amended cross-complaint.  Berney did not dispute Bartlett has been diligent in pursuing his cross claims, but he argued diligence alone is not enough because the other two stated reasons for the superior court's order do not support a finding sufficient to overcome the mandatory statutory deadline.  This court requested that Bartlett, the real party in interest, file a preliminary opposition.

Bartlett emphasized the superior court's finding he had diligently pursued his case, and he argued he was "prepared to answer ready for trial on February 5, 2024."  He argued Berney's "cynical manipulation of procedure" prevented the case from going to trial:  Berney engaged in gamesmanship by filing an "eleventh-hour" motion for judgment on the pleadings challenging the fourth amended cross-complaint; Berney refused to stipulate to a new trial deadline; Berney refused to withdraw his motion for judgment on the pleadings; and Berney filed a demurrer rather than an answer to the fifth amended cross-complaint.

In his reply, Berney argued he was within his rights to file the motion for judgment on the pleadings, he had no obligation to withdraw it, he properly demurred to the fifth amended cross-complaint, and he was not required to agree to a further extension of the five-year rule.  Although Berney did not dispute the superior court's finding Bartlett pursued his cross claims with

reasonable diligence, Berney contended that factor alone was insufficient to satisfy the impossible, impracticable, or futile exception to the five-year rule.

This court issued an alternative writ directing the superior court to (a) vacate the June 10, 2024 order denying Berney's motion to dismiss and issue a new order granting the motion, or (b) show cause why a peremptory writ of mandate should not issue. The superior court set a hearing pursuant to *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233 to give the parties notice and an opportunity to be heard.

At the hearing, Bartlett urged the superior court to allow him to proceed by return in the Court of Appeal. The court agreed and determined it "will not take any action." Bartlett thereafter filed a written return and Berney filed a reply in this court.[6]

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Section 583.310 "requires that an action 'be brought to trial within five years after the action is commenced against the defendant.'" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1087 (*Gaines*).) The failure to timely bring an action to trial under section 583.310 requires dismissal. (See *Gaines,* at p. 1090; see also § 583.360, subd. (a), emphasis added ["An action *shall be dismissed* by the court on its own motion or

---

[6]    Berney requested a stay of the underlying proceedings pending resolution of his petition. The request for a stay is denied as unnecessary. Our review of the superior court docket shows the entire action was stayed on March 11, 2025.

8

on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article."].)  The statutory requirements for mandatory dismissal under section 583.360 apply equally to a cross-complaint.  (See *Tomales Bay Oyster Corp. v. Superior Court* (1950) 35 Cal.2d 389, 393 [applying former § 583]; *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 594 (*Perez*); see also § 583.110 [including cross-complaint and cross-complainant in definitions of "action," "complaint," "defendant," or "plaintiff"].)

The requirements of sections 583.310 and 583.360 "are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."  (§ 583.360, subd. (b).)  Under the statute, the parties may extend the five-year period by either written stipulation, or oral agreement entered into in open court and recorded in the minutes or a transcript of the proceedings.  (See § 583.330; see also *General Ins. Co. of America v. Superior Court* (1975) 15 Cal.3d 449, 455.)

Additionally, the statute allows the time to be tolled for various reasons, including time during which the prosecution of the case was stayed or because "[b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile."  (§ 583.340, subds. (b) & (c).)  A cross-complainant seeking to apply the impossibility exception has the burden of demonstrating:  (1) a circumstance establishing impossibility, impracticability, or futility of bringing the action to trial; (2) a causal connection between that circumstance and the cross-complainant's failure to move the case to trial; and (3) the cross-complainant was reasonably diligent in moving the case to trial. (See *Perez, supra*, 169 Cal.App.4th at pp. 593-594; *De Santiago v.*

9

*D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 372
(*De Santiago*).)

"Under 583.340(c), the trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' [Citations.] A plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility. [Citations.] 'Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions.' [Citation.] Determining whether the subdivision (c) exception applies requires a fact-sensitive inquiry and depends 'on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles.'" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730-731 (*Bruns*); accord, *Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 793-794 (*Martinez*).)

California Rules of Court, rule 3.1342, lists 10 factors courts are to consider in analyzing a motion to dismiss for delay in prosecution. Relevant to this appeal, rule 3.1342 requires the court to consider: the diligence of the parties in pursuing discovery or other pretrial proceedings; the nature and complexity of the case; the law applicable to the case, including

10

the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. (See Cal. Rules of Court, rule 3.1342.)

We review for abuse of discretion the superior court's ruling on a motion to dismiss under section 583.360. (See *Gaines, supra*, 62 Cal.4th at p. 1100, fn. 8; *Bruns, supra*, 51 Cal.4th at p. 731 ["[t]he trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion"]; *Martinez, supra,* 26 Cal.App.5th at p. 794.) Under that standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" (*Gaines,* at p. 1100.)

The issuance of an alternative writ ordinarily indicates the petitioner has established a prima facie showing of an abuse of discretion, shifting the burden to the respondent, Bartlett, to rebut the prima facie case made by Berney. (See *Coy v. Superior Court* (1962) 58 Cal.2d 210, 221.)

B.      *The Superior Court Abused Its Discretion by Denying Berney's Motion To Dismiss Bartlett's Fifth Amended Cross-complaint*

Generally, dismissal is mandatory if a cross-complainant fails to bring his action to trial within the statutory period. (See

11

§ 583.360.) Here, Bartlett filed his cross-complaint on September 5, 2017. After the Judicial Council extended the time to bring an action to trial by six months, Bartlett was required to bring his cross-complaint to trial by March 6, 2023, five years and six months after his cross-complaint was filed. After the court denied Berney's initial motion to dismiss for failure to prosecute, the parties stipulated to extend the time to bring the action to trial by almost one additional year, to February 29, 2024. In the return, Bartlett does not dispute he failed to bring his cross-complaint to trial by February 29, 2024.[7] He instead argues it was impossible, impracticable, or futile to try the case by that date because the case was not at issue at that time, the superior court had granted Berney's motion for judgment on the pleadings, and Berney had yet to answer the fifth amended complaint but instead filed a demurrer. Bartlett also argues Berney is not entitled to relief under the doctrine of unclean hands. Alternatively, Bartlett urges this court to allow the action to proceed as to the first cause of action for elder abuse and the seventh cause of action for breach of fiduciary duty that were the subject of the motion for judgment on the pleadings.

---

[7]  Berney urges this court to strike the return because it is not verified. We decline to do so. Instead of striking it, we treat it as a return by demurrer, which "admits the facts pleaded in a writ petition." (*Agricultural Labor Relations Bd. v. Superior Court* (2016) 4 Cal.App.5th 675, 682.) Accordingly, we treat well-pleaded and verified allegations in the petition for writ of mandate as true. (See *ibid.*; *Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1084-1086.)

### 1.   *Impossibility, Impracticability, or Futility*

The superior court was required to dismiss Bartlett's cross-complaint unless Bartlett demonstrated (1) a circumstance establishing impossibility, impracticability, or futility in bringing the action to trial, (2) a causal connection between the circumstance and the failure to bring the action to trial, and (3) reasonable diligence.  (See *Perez, supra,* 169 Cal.App.4th at pp. 593-594.)  Berney does not challenge the superior court's finding that Bartlett acted diligently.  Berney challenges the superior court's finding that "it was impracticable to bring the cross-action to trial based on cross-defendants' tactics near the time of trial, and the two actions should be concurrently resolved at trial."  The court's findings of impracticability are not factually or legally supported.

First, there is no factual support for the court's determination that Berney's complaint and Bartlett's cross-complaint should be "concurrently resolved at trial" due to "interrelated and interconnected factual and legal issues."  As the handwritten interlineation to the superior court's order indicated, Berney had sought dismissal of his complaint.[8]  The dismissal was entered the next day by the clerk.  Under these circumstances, there were not two actions to be concurrently resolved at trial.

Second, the law does not support the court's other impracticability finding, that Berney's tactics prevented the trial.  It is well-established that "'[t]ime consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer,

---

[8]    We address in the next section Bartlett's argument that the dismissal was ineffective and thus constituted a ground for denial of relief under an unclean hands defense.

13

amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of the[] exceptions'" for periods during which it was impossible, impracticable or futile to bring the action to trial. (*Bruns, supra,* 51 Cal.4th at p. 731.)

*Perez, supra,* 169 Cal.App.4th at pages 593 to 594 is instructive. *Perez* also arose from a fee dispute between an attorney and his client. The trial court in *Perez* dismissed both the attorney's complaint and the client's cross-complaint under section 583.360 for failure to bring the action to trial within the five-year period. The client argued it was impossible, impracticable, or futile for her to bring her cross-complaint to trial for a period of 388 days during which potentially "dispositive motions" challenging her cross-complaint were pending, including demurrers and motions for judgment on the pleadings. (*Id.* at p. 593.) *Perez* determined these procedural circumstances did not toll the time period because they were "ordinary incidents of proceedings." (*Id.* at p. 594.) *Perez* additionally concluded the cross-defendant "was within his rights to assert legal challenges to various cross-complaints that were successively amended." (*Ibid.*; see *Continental Pacific Lines v. Superior Court* (1956) 142 Cal.App.2d 744, 750 (*Continental Pacific Lines*) [although "it is, of course, impossible, impracticable and futile to proceed to trial" during the time needed for "settlement of the pleadings," "the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period"].)

As in *Perez,* here the ""ordinary incidents of proceedings"" did not toll or extend the five-year deadline by which Bartlett was required to bring his action to trial. Like the cross-defendant in

14

*Perez*, Berney similarly "was within his rights to assert legal challenges to various cross-complaints that were successively amended." (*Perez, supra,* 169 Cal.App.4th at p. 594.) The record shows that, although almost one and one-half years had elapsed since the fourth amended cross-complaint had been filed, the superior court determined Berney timely filed his motion for judgment on the pleadings.[9]

The superior court advanced the hearing date upon Berney's ex parte application, and then granted the motion for judgment on the pleadings, finding it had merit. Despite the approaching February 29, 2024 deadline by which to bring his case to trial, and Berney's prior motion seeking to dismiss the

---

[9] In its order granting the motion for judgment on the pleadings, the superior court stated Berney's "last-minute motion brought on the eve of trial is not well taken," but it ruled that Bartlett "fails to show this motion can be denied as untimely" and granted the motion on the merits. The court observed that Berney's motion was not brought under section 438 (which imposes certain timing requirements not met here), but rather was a common law motion and Bartlett "acknowledges that California provides for a common law motion for judgment on the pleadings" that may be made at any time prior to or during trial. (See, e.g., *Smiley v. Citibank* (1995) 11 Cal.4th 138, 145 [recognizing common law motion for judgment on the pleadings even after section 438 was enacted]; *Stoops v. Abbassi* (2002) 100 Cal.App.4th 644, 650 ["'A [common law] motion for judgment on the pleadings may be made at any time either prior to the trial or at the trial itself'"]; *Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 877 [same]; but see *Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 756 ["the continued viability of nonstatutory motions for judgment on the pleadings . . . is unclear"].) In this light, we accept the superior court's determination that Berney's motion was timely.

15

cross-complaint for failure to prosecute, Bartlett chose to file a fifth amended complaint rather than proceed to trial on his remaining claims. Berney then demurred to the fifth amended complaint, apparently because it still contained pleading deficiencies. The filing of a demurrer did not preclude Berney from seeking a dismissal for failure to prosecute. (See *Jackson v. De Benedetti* (1940) 39 Cal.App.2d 574, 578 (*Jackson*) [rejecting argument that filing a "demurrer was a waiver of the[] right to a dismissal and stopped the running of" the statutes requiring dismissal for failure to prosecute].)

For the same reasons, we conclude there is no factual support for an implied finding of a causal connection between Berney's "tactics near the time of trial" and Bartlett's failure to move the case to trial.[10] (See *Perez, supra*, 169 Cal.App.4th at pp. 593-594.) As stated, Berney's motion for judgment on the pleadings was timely filed and meritorious. It is well established that "'[t]ime consumed by the delay caused by ordinary incidents of proceedings . . . are not within the contemplation of these exceptions [for impossibility, impracticability, or futility].'" (*Bruns, supra,* 51 Cal.4th at p. 731.) In short, *Bruns* tells us that there was no "causal connection" between a timely and meritorious motion for judgment on the pleadings (i.e., an ordinary incident of the proceedings) and Bartlett's failure to move the case to trial. (*Ibid.*)

Instead, it was Bartlett's decision to file a fifth amended cross-complaint that prevented him from proceeding to trial by

---

[10] The superior court did not expressly address causation in its order. Even assuming the court made the findings necessary to support its order, there was insufficient evidence of causation in this case.

16

February 29, 2024.  The record shows Judge Treu could have set a trial date at the February 20, 2024 trial setting conference if the case had been at issue.  Bartlett conceded at the conference, however, that the case was not at issue because the amended cross-complaint was not filed until February 10, 2024, and Berney was not required to file a responsive pleading until March 12, 2024, 30 days after the amendment and 12 days after the stipulated time to bring the action to trial had expired.  Under these circumstances, it was within Bartlett's control whether he could proceed to trial or not:  he could proceed to trial on his remaining six causes of action or he could file an amended complaint, knowing a responsive pleading was not due until after February 29, 2024.  (See *De Santiago, supra,* 155 Cal.App.4th at p. 371 ["the purpose of the five-year statute is to prevent *avoidable* delay, and the exception makes allowance for circumstances beyond the plaintiff's control, in which moving the case to trial is impracticable for all practical purposes"].)

The superior court abused its discretion when it applied the principles of law under *Bruns*, *Perez,* and *Continental Pacific Lines* to the facts of this case to conclude it was impracticable for Bartlett to bring his case to trial within the statutory period.  "'Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.'"  (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393; accord, *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

17

2. *Unclean Hands*

Bartlett argues we should deny Berney's petition based on the equitable doctrine of unclean hands.[11] According to Bartlett, Berney is not entitled to relief due to his "bad faith tactics," including filing the request for dismissal of his own complaint and the demurrer to the fifth amended cross-complaint, both of which were purportedly "procedurally violative." Although Bartlett complained about Berney's "cynical manipulation of procedure" in the superior court, Bartlett failed to assert unclean hands as a defense in his opposition to the motion to dismiss and the argument is forfeited. (See *Civil Service Employees Insurance Co. v. Superior Court* (1978) 22 Cal.3d 362, 375, fn. 6 [failure to raise constitutional objections in superior court "could justify the denial of extraordinary relief"]; *J&A Mash & Barrel, LLC v. Superior Court* (2022) 74 Cal.App.5th 1, 25 [party's failure to object to admissibility of evidence forfeited arguments on writ review]; *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 355 [failure to raise unclean hands defense in summary judgment motion forfeits or waives the issue on appeal where defendant challenges the denial of the summary judgment motion].)

---

[11] Bartlett does not argue that Berney should be estopped from asserting the five-year limitation based on his litigation tactics. (See, e.g., *Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d. 276, 281 ["If a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception."]; *Inversiones Papaluchi S.A.S. v. Superior Court* (2018) 20 Cal.App.5th 1055.)

18

Bartlett's argument also fails on the merits because, as noted above, Berney's request for dismissal of his complaint and his demurrer to the fifth amended cross-complaint were procedurally proper. *Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 979, explains, "Not every wrongful act constitutes unclean hands. But, the misconduct need not be a crime or an actionable tort. Any conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine." Bartlett provides no authority holding that a procedurally proper motion constitutes conduct that violates conscience or good faith.

Bartlett instead maintains Berney's dismissal of his own complaint was ineffective at the time the superior court ruled on the motion to dismiss the cross-complaint because it had not yet been processed by the clerk at the time of the hearing, it was made without prejudice, and Bartlett's approval was required pursuant to section 581, subdivision (i). These contentions are unpersuasive.

First, the dismissal of Berney's complaint was entered by the clerk on June 11, 2024, the day after the court ruled on the motion to dismiss. And, as stated, the superior court judge's handwritten interlineations acknowledged Berney was seeking dismissal of his complaint. Next, Bartlett cites no authority that Berney had to dismiss his complaint with prejudice. Further, it appears likely that Berney's three claims for declaratory relief as to the rights and obligations arising out of their fee agreements would be barred by the statute of limitations.[12] Third, Bartlett

---

[12] An action seeking declaratory relief has the same limitations period as the underlying legal or equitable claim on

19

misreads section 581, subdivision (i).[13]  Contrary to Bartlett's contention, section 581 does not prohibit a plaintiff from dismissing his own complaint before trial and leaving the cross-complaint pending.  As *Sanabria v. Embrey* (2001) 92 Cal.App.4th 423, 425, explained:  "Code of Civil Procedure section 581 sets forth the situations in which a plaintiff may voluntarily dismiss the complaint or the entire action.  A plaintiff may not unilaterally dismiss the *entire action* if a cross-complaint or complaint in intervention is pending.  [Citations.]  However, a plaintiff may unilaterally dismiss *the complaint* before trial

---

which it is based.  (See *Abbott v. City of Los Angeles* (1958) 50 Cal.2d 438, 463; *Award Homes, Inc. v. County of San Benito* (2021) 72 Cal.App.5th 290, 296.)  In general, the applicable statute of limitations on an attorney fee contract is four years if it is in writing and two years if it is not.  (See *E.O.C. Ord, Inc. v. Kovakovich* (1988) 200 Cal.App.3d 1194, 1202; see also §§ 337, 339.)  Berney alleged Bartlett breached their fee agreements in 2017, triggering the four-year statute of limitations.  More than four years would have elapsed if Berney chose to refile his complaint after his voluntary dismissal in 2024.  (See *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1105-1106 ["'a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action.'"].)

[13]      Section 581, subdivision (i), provides:  "No dismissal of an action may be made or entered, or both, under paragraph (1) of subdivision (b) where affirmative relief has been sought by the cross-complaint of a defendant or if there is a motion pending for an order transferring the action to another court under the provisions of Section 396b."

regardless of the pendency of such other pleadings. [Citations.] Entry of dismissal is entered in the clerk's register and is effective when entered. [Citation.] Entry of dismissal terminates the action against the dismissed defendants."

More fundamentally, we are not persuaded Berney's demurrer to the fifth amended cross-complaint was made in bad faith. As stated, the demurrer did not interfere with Bartlett's ability to timely bring his action to trial because such normal incidents of litigation do not toll or suspend the five-year deadline to bring the action to trial. Berney did not delay in filing the demurrer, which was timely filed 30 days after the fifth amended complaint was filed. (§ 430.40, subd. (a) [party has 30 days to respond to amended pleading].) Indeed, the demurrer to the fifth amended complaint was timely filed two weeks after the stipulated deadline had already expired. The filing of the demurrer did not stay or toll the statutory deadline. (See *Jackson, supra,* 39 Cal.App.2d at p. 578 [rejecting argument that filing a demurrer stopped the running of the statutes requiring dismissal for failure to prosecute].) For this reason, we reject Bartlett's contention the pending demurrer to the fifth amended complaint was unsupported and merely a "fundamentally flawed gambit to prevent the case from being at issue."

In all events, Bartlett provides no authority that permits us to apply the doctrine of unclean hands to deny relief where a party in litigation filed meritorious motions authorized by the Code of Civil Procedure. The cases on which Bartlett relies do not support his argument; they instead illustrate the egregious conduct necessary to establish an unclean hands defense, and are distinguishable from the facts of this case. For example, in *Allen v. Los Angeles County Dist. Council of Carpenters* (1959)

21

51 Cal.2d 805, 812, the Supreme Court held a petitioner's refusal to cooperate in legal proceedings, apparent lack of candor throughout his testimony, and his failure to offer any evidence supporting his claim justified the trial court's refusal to exercise its discretion to issue a writ of mandate. Unlike the petitioner in *Allen,* there is no contention here that Berney was uncooperative in the litigation, was untruthful to the court, or failed to offer evidence to support his claim.

In *General Electric Co. v. Superior Court* (1955) 45 Cal.2d 897, 900, another case relied upon by Bartlett, the court declined to find a party had unclean hands where its profits, though large, were not unlawful. (See *Kaiser Foundation Hospitals v. Superior Court* (2005) 128 Cal.App.4th 85, 111 [affirmative defense of unclean hands is not grounds to deny petition for writ of mandate seeking to force respondent "to do what the law requires"].) Here, Berney's motions were timely and complied with the law. Under *General Electric* and *Kaiser*, lawful conduct does not justify the application of the unclean hands doctrine. Bartlett has not shown Berney's properly filed motions amounted to unclean hands barring this petition. (See *General Electric,* at pp. 899-900 ["Traditionally the doctrine of unclean hands is invoked when the one seeking relief in equity 'has violated conscience, or good faith, or other equitable principle, in his prior conduct.'"].)

3. *Dismissal of Two Causes of Action*

Finally, we deny Bartlett's request to allow the two causes of action that were subject to the motion for judgment on the pleadings to proceed to trial. According to Bartlett, "the two causes of action that were the subject of that motion cannot be tried since they are not at issue. Since it is impossible to try

22

those two causes of action, the five-year period in which to try them has not expired, pursuant to Code of Civil Procedure Section 583.310." For the reasons explained above, dismissal of the entire action is mandatory given Bartlett's failure to bring his cross-complaint to trial within the statutory period without a showing of impossibility, impracticability, or futility. (See § 583.360, subd. (b).)

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its June 10, 2024 order denying Berney's motion to dismiss and directing it to issue a new order granting the motion to dismiss. Berney is entitled to his costs in this writ proceeding.

MARTINEZ, P. J.

We concur:

SEGAL, J.                                STONE, J.

23